WILLIAM ADRIANCE, Respondent, *v.* F. HAFKEMEYER, Appellant.

*Landlord and Tenant—Rent—Contract.*—A tenant when notified that his rent will be increased at the commencement of a new term, and not expressing a refusal to remain as a tenant at such additional rent, will be held, if he continue the possession, as promising to pay the rent demanded.

*Appeal from St. Louis Law Commissioner's Court.*

Suit for one month's rent accruing February 1, 1863. The plaintiff had sublet to the defendant part of the premises. The plaintiff's term expired 31st December, 1862, and, being notified by his landlord that his rent would be increased, about the middle of December, 1862, he notified defendant that his rent would be increased from $240 to $800 per annum. Defendant did not dissent from the proposition, but said that he could remove and get a new store. At the end of the month, when the bill was presented, defendant promised to pay the bill if the plaintiff would restore a bar he had taken.

The following instruction asked by defendant was given:

1. If the court, sitting as a jury, find from the evidence that certain property, to-wit, an iron bar, or other articles, were claimed by both parties, and that when the bill sued upon was presented the defendant promised to pay or settle the same only upon condition that said property was returned to him, or when other matters in controversy were settled, then the plaintiff cannot claim any advantage from such offer of the defendant until he shows that he complied, or offered to comply, with the conditions which the defendant at the time required should be complied with.

The following instructions asked by defendant were refused:

2. The notice given to defendant, that his rent would be raised from the sum of twenty dollars to the sum of sixty-six and two thirds dollars per month, was insufficient to render the defendant legally liable to pay the additional rent.

The defendant had a legal right to remain in the premises at the former rate of monthly rent notwithstanding said notice, unless there was an express promise or agreement on his part to pay the additional rent demanded. It was not necessary for him to express a refusal to pay the additional rent. He had a right to treat the notice as a nullity, and continue in the occupation of the premises at the former rent, unless he promised or agreed to pay the advanced rate.

*C. C. Simmons*, for appellant.

*C. D. Coleman*, for respondent.

FAGG, Judge, delivered the opinion of the court.

In the absence of any brief on the part of the appellant, it is impossible to ascertain what is really relied upon for a reversal of the judgment below. The record, however, has been carefully examined for the purpose of ascertaining what errors were committed in the trial of the cause, if any, and nothing has been found that will justify us in disturbing the judgment. It was an action by a landlord against his tenant for one month's rent, brought originally before a justice of the peace in St. Louis and thence taken by appeal to the Law Commissioner's Court, where there was a trial and judgment for respondent for the amount claimed, from which an appeal was allowed and taken to this court. The bill of exceptions shows that objection was made to certain evidence introduced by the respondent to sustain his action, but at most it applied rather to the order in which it was introduced than to its competency or relevancy, and affords no ground for the interference of this court. There was other evidence precisely to the same point, to which no objection was made, and which was altogether sufficient to support the verdict. There was no error in the declaration of law given by the court, and the refusal to give the second instruction asked by the appellant was in our judgment correct.

The other judges concurring, the judgment will be affirmed, with ten per cent. damages.