FRANCIS WITTE, Respondent, v. FREDERICK WITTE,
Appellant.

February 4, 1879.

1. Three months' notice, in writing, is necessary to terminate a tenancy from
year to year.

2. A tenant is not bound by casual remarks made by his landlord about an
increase of rent; and a mere verbal notice to a tenant from year to year is
not sufficient to make him liable for increased rent where he holds over.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

BROADHEAD, SLAYBACK & HAUESSLER, for appellant.

JACOB KLEIN, for respondent.

BAKEWELL, J., delivered the opinion of the court.

This action is for a balance of $100 claimed on account
of one year's rent of a farm at $500 a year, from March 1,
1874, to March 1, 1875. There was a verdict and judgment
for plaintiff, and defendant appeals.

The testimony of plaintiff is that in 1866 he rented the
farm to the defendant at $200 a year; afterwards the rent
was increased to $400. In May, 1873, plaintiff notified de-
fendant that if he remained the next year, the rent would
be $500. Defendant kept the place and paid $400, and
refused to pay any more.

Defendant swears that when the plaintiff, who is his uncle,
spoke of raising the rent, he thought it a joke, and had no
idea that he really meant to raise the rent, until he de-
manded $500 at the end of the year. Nothing more was
said about increased rent, from the first remark on the sub-
ject until the expiration of the year.

Defendant asked an instruction to the effect that the jury
must find for defendant if they believe from the evidence
that defendant never agreed to the higher rate of rent for
the year beginning March, 1874, and that plaintiff never
gave any notice to defendant raising the rent for that year.

It has been repeatedly held, in Missouri and elsewhere, that where a landlord gives notice to a tenant whose term is expiring that in case he should hold over it will be considered as taking the premises for another year at an increased rent, and the tenant makes no reply, but continues to occupy the premises, the continued occupation is a virtual assent to the terms prescribed in the notice, and creates a privity of contract between the lessor and lessee for the next year at an increased rent. *Hunt* v. *Bailey*, 39 Mo. 266 ; *Adriance* v. *Hafkemeyer*, 39 Mo. 134 ; 15 N. Y. 374. But in these cases the notice was in writing, and given three months before the expiration of the year of renting, so as to put an end to the tenancy from year to year in the event of nonassent to the change of rent.

A tenancy from year to year is created where the lessee is suffered to remain in possession after the expiration of the original tenancy. By receiving rent, the landlord establishes a new term from year to year, and the law presumes the holding to be on the terms of the original demise and subject to the same rent. *Laguerenne* v. *Dougherty*, 35 Pa. St. 45 ; Taylor's L. & T., sect. 58.

In tenancies from year to year, the notice under our statute must be three months, and must be in writing, (Wag. Stats. 879, sect. 12) ; and it must be to quit at the expiration of the year, and not at any intermediate period at the caprice of the lessor. *Williams* v. *Demar*, 31 Mo. 18.

The defendant in this case neither having received nor given any written notice terminating the tenancy from year to year, the determinable tenancy was not determined, but the tenancy ran on for the next year, and would continue so to run from year to year until the happening of some event which in contemplation of law destroys it, subject to the same rent, and generally to the covenants of the original lease.

It would be a very dangerous doctrine that a tenant must take notice of any casual remark made by his landlord

about an increase of rent, perhaps forgotten, perhaps regarded as a joke, and that if a hint of raising his rent has been given at any time during the preceding year, the tenant from year to year, by still holding possession, would find himself in for another year at an increased rent. In the cases in which silence has been held to give consent, there has been a notice which had the legal effect of terminating the existing tenancy, so that the tenant could be ousted if he had manifested dissent from the proposed new terms prescribed in the notice. If the tenant in those cases chose to hold over, his liability was on the previous lease ; but his silence was construed as an assent to the modification of the agreement so far as the increased rent. In the case at bar, the landlord had taken no steps to put himself in a position to oust the tenant before the expiration of another year, and so long as the tenant chose to comply with the covenants of the original lease, he could not be disturbed. In the absence of any written notice, the original lease, in all particulars, was binding on lessor and lessee.

The judgment of the Circuit Court is reversed and the cause remanded. All the judges concur.