JAMES KENNEDY ET AL., Respondents, v. John BAM-
BRICK, Appellant.

St. Louis Court of Appeals, February 9, 1886.

SCIRE FACIAS—JUDGMENTS—REVIVOR—ESTOPPEL.—In a proceeding by *scire facias* to revive a judgment, the defendant is estopped to make the defence that the judgment was rendered against him by default on insufficient service, where he has pleaded the same judgment in bar, on a plea of former recovery, in a subsequent action on the same demand.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Affirmed.*

LOUIS A. STEBER, with EBER PEACOCK, for the appellants.

FRANK K. RYAN, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

This is an action to revive, by citation, a judgment rendered before a justice of the peace against the defendant. Judgment of revivor was entered in favor of the plaintiff by the justice, and by the circuit court to which the cause had been removed by appeal.

In reviewing the action of the trial court, it is unnecessary to consider the numerous points ably presented by counsel for the defendant contending for the proposition, that the judgment in the original action was rendered against him upon insufficient service.

Whatever merits there may be in these points, the defendant is estopped from urging them here, by the fact that he pleaded the judgment thus obtained in bar, by plea of former recovery, in a subsequent suit instituted against him on the original cause of action.

He claims that he did not so plead it. The fact whether he did or did not so plead it, was an issue in the case, was submitted to the trial court upon sufficient evidence, and determined by the trial court against him. This fact conclusively appears by the instructions given, and necessarily concludes him upon this appeal. Bigelow, Estop. 562, 571, 603, 604; *Ferguson v. Landram*, 1 Bush. 548; 5 Bush. 230; *Railroad Co. v. Chicago*, 87 Ill. 317; *Hines v. Ament*, 43 Mo. 298; *Henslee v. Cannefax*, 49 Mo. 295; *Slagel v. Murdock*, 65 Mo. 522.

The judgment is affirmed. Judge Thompson concurs. Judge Lewis is absent.