SAMUEL G. LORING, Appellant, v. JOHN TAYLOR, Respondent.

Kansas City Court of Appeals, May 16, 1892.

Landlord and Tenant: OCCUPANCY UNDER SPECIFIED CONDITIONS: RENT DUE ACCORDINGLY. A former tenant built upon plaintiff's lot a house which defendant purchased at the close of the term and began to occupy. Thereupon plaintiff notified him, in writing, unless he vacated the premises or removed the building immediately he would be his tenant at $20 a year, payable every six months, in advance. Defendant made no answer, paid no rent but continued to occupy the premises. After the expiration of the first six months and during the currency of the second, plaintiff brought suit for the rent for both six months. *Held*, defendant being advised on what terms he could use the lot, his continued use and occupancy, without manifesting any dissent or objection to the stipulated terms, was tantamount to an express assent, and plaintiff in his action was entitled to recover the rent of both six months with interest from the institution of the suit.

*Appeal from the DeKalb Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

REVERSED AND REMANDED *(with directions).*

*S. G. Loring, pro se.*

In his work on estoppel, etc., Mr. Herman says: "There is another class of judicial or solemn admissions which have the binding effect and force of an estoppel, and that is by payment of money into court." Here the defendant conclusively admits that he owes the amount thus tendered in payment; that it is due for the cause mentioned in the declaration. *Eaton v. Wells*, 82 N. Y. 576; *Monroe v. Chaldock*, 78 Ill. 429; *Berkheimer v. Geise*, 82 Penn. 5; *Jones v. Hoar*, 5 Pick. 285. That the plaintiff is entitled to claim it in the character in which he sues. *Libscomb v. Holmes*, 2 Camp. 441. That the contract described is rightly set forth and was duly executed, and that it has been broken in the manner and to the extent set forth and declared. In other words, the payment of money into court admits conclusively every fact which the plaintiff would be obliged to prove in order to recover that money. Herman on Estoppel, sec. 836, p. 964, and the authorities there cited. 1 Greenleaf on Evidence, sec. 205. In order to have recovered $11.25 under his account filed in this case, plaintiff would have been required to prove that at the time he commenced this suit before the justice, to-wit, June 23, 1890: *First*. That defendant had rented the west half of lot 8, for one year from December 13, 1889, at $20 per year, and that the rent was payable every six months. *Second*. That the rent, $10 for the first six months, was due and unpaid. *Third*. That the rent for the last six months to the amount of $1.25 was then due and unpaid.

*Harwood & Miller*, for respondent.

(1) But we say that under the circumstances of this case, if Taylor was a tenant of Loring in any sense

of the term, it was a tenancy at will, and from month to month. R. S., sec. 6371, p. 1502. Taylor occupied a building, called by the parties who built it and sold it to him "a storage room." It stood on the west half of a lot in a block, and in a city. There was no "writing signed by the parties thereto or their agents," so as to make it any other than a tenancy from month to month, and we say that so long as Taylor left his building on the land he was liable to Loring for whatever sum the use of the land was worth. R. S., sec. 6374, p. 1504. (2) There is no element of estoppel in this case. A party, when sued, has a right to make a tender, even though he may know that he owes nothing. In the absence of a contract, rent is not due and payable until the end of the term.

GILL, J.—On the twenty-third day of June, 1890, the plaintiff commenced his suit against the defendant before a justice of the peace upon the following account:

*John Taylor, to S. G. Loring, Dr.*

To rent of the west one-half of lot number 8, in block number 17, in
   the original town (now city) of Maysville, Missouri, from
   December 13, 1889, to June 13, 1890.. .....................$10.00
To rent of the same half lot from June 13, 1890, to December 13,
   1890....... ...........................................  10.00

     Total....................... ......................·.....$20.00

Taylor admitted owing the rent from said December 13, 1889, to the time the suit was brought, and tendered the same at the rate of $20 a year, to-wit, $11.25, with costs then accrued. The cause was tried before the justice, where judgment was rendered against defendant for the $11.25, but costs subsequent to the tender were adjudged against the plaintiff. The cause was appealed to the circuit court where, on a trial before the court without a jury, the same result was reached, and plaintiff has appealed to this court.

The substantive facts are about these: Loring owned an unimproved lot in Maysville, Missouri, and it had been leased to and occupied by the Chicago Lumber Company whose term expired December 13, 1889. This lessee had constructed on the lot a cheap wooden building on the west half of the lot. Just before the termination of this lease the lumber company sold the building to this defendant. A few days after the lumber company's lease had expired (and it had vacated the premises) the plaintiff, observing the occupancy of the building by Taylor, wrote the following letter to said defendant:

"MAYSVILLE, MO., December 20, 1889.

"*Mr. John Taylor, Maysville, Mo.*

"SIR:—I am informed that you occupy the building standing on the west half of lot number 8, in block number 17, in the original town of Maysville, Missouri. All the right of the Chicago Lumber Company to lots 1 and 8 in said block terminated December 13, last passed. The rent of said west half for one year will be $20, the rent payable every six months in advance, and, unless you vacate said premises or remove said building immediately from said portion of said lot number 8, I shall understand that you have rented from me said west half for one year from December 13 on said terms.

"Respectfully.

"S. G. LORING."

Taylor received this letter but made no answer, either verbally or in writing, but continued to occupy the lot with his building. In relation to the letter the defendant testified: "I got a letter from Mr. Loring telling me that if I didn't move off he should consider I had rented it (the lot) at the rate of $20 a year.

"*Q.* Did you consent to those terms? *A.* I was perfectly willing to pay him that for it. I didn't write to him; I didn't answer him back at all."

It will be seen by the terms of Loring's letter to Taylor, that he (Taylor) was to pay $20 a year for the use of the lot, $10 in advance, each six months. Taylor failed to pay anything the first half year, and in June, 1890, while occupying the lot on the second half year, plaintiff brought this suit. The court below gave plaintiff judgment for the rent for that portion of the year that had expired when the suit was instituted, but not for the entire year as claimed by plaintiff.

I. Under the facts here disclosed, plaintiff was manifestly entitled to judgment against the defendant for a full year's rent. This is not a case of a yearly tenant holding over beyond his term. Taylor was not occupying Loring's lot by virtue of any lease to the former tenant. It amounts to nothing more than this: Taylor entered upon Loring's lot and continued to occupy it under an express statement from Loring that if he did so it would be on certain definite terms, to-wit, $20 annual rent, $10 of which to be paid half yearly in advance. Taylor had no rights there as tenant except by the consent of Loring, unless indeed to remove the building which he had purchased from the former tenant. He was then a mere trespasser, unless there by the assent of the owner.

In the beginning of his occupancy Taylor was notified on what terms he could use the lot. Being so advised, his continued use and occupancy without manifesting any dissent or objection to the terms stipulated in Loring's letter was tantamount to an express assent thereto. *Hunt v. Bailey*, 39 Mo. 257; *Witte v. Witte*, 6 Mo. App. 489; *Kerr v. Simmons*, 9 Mo. App. 382. On the twentieth day of December, 1889, the defendant was informed by the owner upon what terms he could occupy the lot, and he assented. Hence, the defendant is liable on his contract for the full sum of $20.

The judgment then will be reversed and the cause remanded, with directions to the circuit court to enter a judgment for plaintiff for the full sum of $20 with six-per-cent. interest from the institution of this suit and all costs. All concur.