ELIZA J. BROWNE et al., Appellants, v. WM. APPLE-
MAN et al., Respondents.

St. Louis Court of Appeals, January 30, 1900.

1. **Practice, Appellate:** RECORD: JUDGMENT: BILL OF EX-
CEPTIONS: MOTION FOR RE-HEARING. Where a motion for
re-hearing is filed and overruled, but no bill of exceptions is filed,
the motion can not be noticed in the appellate court.

2. ———: ———: ———. But when the judgment, however, sets
forth what facts the court found from the pleadings and the legal
conclusions it arrived at from the facts so found, and as these ap-
pear upon the record proper, they may be reviewed by an appellate
court.

3. ———: JUDGMENT: ESTOPPEL BY RECORD. In the case at
bar the plaintiffs are estopped by the judgment and order of dis-
tribution in the partition proceedings, both by reason of having
been parties to the suit, and by accepting the amounts awarded by
the judgment in partition. These estoppels by these records are
the very highest form of estoppels; they can not be gainsaid, or de-
nied, and the plaintiffs are concluded by them.

Appeal from the Audrain Circuit Court.—*Hon. Elliott M.
Hughes,* Judge.

AFFIRMED.

*P. H. Cullen* and *W. A. Edmonston* for appellants.

(1) The action of the court on demurrer is a matter of
record and there is no necessity of saving exceptions to the
ruling thereon. State v. Fim, 19 Mo. App. 560; Babston
v. Clark, 31 Mo. 34; Spears v. Bond, 79 Mo. 467. (2) The
reply of plaintiffs shows that the administration and parti-
tion of said estate was against their will and consent, always
made known to defendants, and under such state of facts
there can be no estoppel. This being true no wrong could
be done to defendants, who must have known that the plain-

tiffs had five years in which to probate the will. There is no change in the position of the parties and even if there was a change in plaintiff's position, this change the law will permit when no wrong is done. Railroad v. Swinney, 91 Ind. 399; Green Bay v. Hewett, 62 Wis. 316.

No brief for respondents.

BLAND, P. J.—This suit is to establish a paper writing as the last will of Levi Appleman, who died in Audrain county, Missouri, in 1894. It is alleged in the petition that the will was made by Appleman September 11, 1886; that after his death and on March 10, 1894, the will was presented to the probate court of Audrain county, and adjudged by that court not to be the last will of Levi Appleman. The petition prayed the court to frame an issue and determine whether or not said paper writing was the will of Appleman, and to adjudge the same to be his last will. Belle J. Appleman, one of the defendants, admitted that Levi Appleman made and executed a will as set out in the petition, but states that it was rejected by the probate court, for the reason that one of the attesting witnesses to the will failed and refused to testify that said Levi Appleman was at the time of the execution of the will of sound mind. The answer of this defendant then set forth the following affirmative defense, to wit: "That after that, the persons interested in the probate of said will abandoned the will, and all concluded ·to accept their rights as heirs of the said Levi Appleman, deceased, and one J. T. Williams was by the probate court of Audrain county appointed administrator of said estate, who proceeded to administer the same according to law, and has now settled said estate in full, and these two plaintiffs, well knowing that this said will had been made, and knowing that the same had been rejected by the said probate

court of Audrain county, accepted their interest in said estate from said administrator. And defendant further says that the said Levi J. Appleman at the time of his death was possessed of a large amount of real estate in Audrain county which has been partitioned between all of the heirs of said estate, and that the said plaintiffs were parties to said partition suit, and well knowing the fact of said will, they entered into said partition suit, and accepted their portion of the money arising from the sale ordered in said partition suit, and have in all things participated in the administration and division of said estate, and are therefore estopped from now proclaiming or claiming any interest of said estate under said will. And said plaintiffs participated in the distribution of said estate aforesaid, knowing that said will had been made, and knowing that the probate thereof had been rejected by the Audrain county probate court, the court having jurisdiction over the estate of the said Levi Appleman, deceased."

All of the other defendants admit the presentation of the paper writing to the probate court of Audrain county for probate as the last will of Levi Appleman and its rejection by that court; admit the death of Levi Appleman in 1894; deny all other allegations, and plead substantially the same affirmative defense as did Belle J. Appleman.

Plaintiffs for reply to the several answers of defendants, stated the following, to wit:

"Now comes the plaintiffs and for reply to the answer of defendants herein say that it is true that John Appleman administered upon the estate of Levi Appleman, and took charge of and administered said estate and made final settlement of said estate and distribution of the proceeds of said estate.

"The plaintiffs also admit that a partition suit was brought in which the plaintiffs were parties and certain real

estate of the said Levi Appleman partitioned and the proceeds arising from said partition sale distributed. And the plaintiffs further admit that they received part of the proceeds distributed on final settlement of said estate, and part of the proceeds arising from said partition sale. But plaintiffs further say that the administrator of said estate and the partition of said lands was against their will and consent and in violation of their known wishes always made manifest to the other parties mentioned, and they here offer to return and pay into court all money received by them from said administrator or from the proceeds of the land in this partition. And they aver that here and now they have the money ready to be returned or deposited as the court may judge.

"Plaintiffs further deny every other allegation of new matter in said answers contained, and having fully answered pray for judgment as in their original petition."

Defendants filed a motion for judgment on the pleadings, which motion was by the court sustained, and the following judgment was rendered, to wit:

"Now on this 22nd day of September, 1898, this cause coming on for hearing on the pleadings in the case, and on plaintiffs' motion for a judgment on the pleadings and on the admission in plaintiffs' reply to defendants' answer and the court having heard and considered the same, finds that plaintiffs admit, among other things, that with knowledge of the existence of the paper writing set forth in plaintiffs' petition claimed to be the will of Levi Appleman, deceased, and with knowledge that it had been presented to the probate court of Audrain county, Missouri, for probate, and that the same had been rejected as the will of said deceased because of want of proof that he was sound of mind when the same purported to have been executed, that plaintiffs, with said knowledge, received their proportional share of

assets of said estate, from the administrator of said estate as heirs of said Levi Appleman, deceased, and that with said knowledge plaintiffs joined in a partition suit for the division and partition of the real estate, they with the other heirs inherited from said Levi Appleman, deceased, and that plaintiffs now have and hold the proceeds of the same. The court therefore finds and adjudges that plaintiffs are estopped from maintaining this action and it is adjudged by the court that plaintiffs are not entitled to recover herein, and it is ordered and adjudged by the court that defendants have and recover from the plaintiffs herein all costs herein in the sum of and execution is ordered in favor of defendants against the plaintiffs for the same."

Motion for rehearing was filed and overruled, but as there is no bill of exceptions this motion can not be noticed. Plaintiffs appealed and the cause is here on the petition, the answers, reply, and the judgment of the court only, without an exception having been made or saved to any ruling of the court. The judgment, however, sets forth what facts the court found from the pleadings and the legal conclusion it arrived at from the facts so found. These appear upon the face of the record proper, and may therefore be reviewed by an appellate court. Ryan v. Growney, 125 Mo. 474; State ex rel. v. Hitchcock, 86 Mo. 231; State v. Murray, 126 Mo. 526.

The facts found by the court as set forth in the judgment, are as stated in the several answers and admitted by the plaintiffs' reply; and we think the legal conclusion arrived at by the court from the facts stated, is sound and well supported by the authorities. The appellants by their reply admit as much, but seek to avoid an estoppel by conduct, by stating that they accepted their share as distributees of the estate from the administrator and took the parts distributed to them in the partition proceedings, but gave

notice that they objected to the administration and objected to the partition, and now offer to undo what they have done. They put themselves by their reply in the position of protesting, yet consenting, of denying, yet affirming and ratifying what they had done, of claiming there was a will, yet repudiating it by accepting distributions of the estate contrary to and against the provisions of the will, of "blowing hot and cold."

The plaintiffs by their conduct are estopped to assert the existence of a will by which they may claim a greater estate than they have already received. They are also, by court records, estopped to claim or take any greater estate in the personal and real estate of Levi Appleman, deceased, than what they have received. They are estopped by the judgment and order of distribution made by the probate court of the personal estate, by standing by and seeing that order made, without interposing an objection, when they might have done so, and by accepting and receipting for the amount found due to them by the probate court as distributees of the estate. They are also estopped by the judgment and order of distribution in the partition proceedings, both by reason of having been parties to the suit, and by accepting the amounts awarded by the judgment in partition. These estoppels by these records are the very highest form of estoppel; they can not be gainsaid or denied; the plaintiffs are concluded by them, and we affirm the judgment. All concur.