SAMUEL N. HOLLIDAY et al., Respondents, v. PHILIP J. NOLAND et al., Executors of WM. A. MEAGHER, Deceased, Appellants.

**St. Louis Court of Appeals, March 18, 1902.**

1. **Lessee: LIABILITY OF ON CONTRACT OF LEASE: ASSIGNMENT OF LEASE, EFFECT OF.** A lessee's liability to pay the rent and taxes on leased premises as an original lessee, is not extinguished by his assignment to his co-lessee.

2. **Probate Court: JURISDICTION OF: EQUITY.** A matter of purely equitable cognizance can not be litigated in the probate court.

3. ———: ———. And in the case at bar, there is no reason for staying the judgment until the matter can be litigated elsewhere, because there is no claim that plaintiffs are insolvent.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

AFFIRMED.

*Hickman P. Rodgers* and *Michael Kinealy* for appellants.

(1) After the assignment of the lease by the conveyance of the decedent, Wm. A. Meagher, to M. A. Wolff, the latter became the sole, principal obligor for compliance with the covenants of the lease including the payment of rent, and Meagher became his surety, and this condition existed as to all subsequent assignees: 1 Wood on Landlord and Tenant (2 Ed.), p. 750, sec. 345; Nelson v. Brown, 140 Mo. 580.

(2)   The lease was not forfeited as to Wm. A. Meagher, and George P. Wolff was not the legal representative of the lessee, Wm. A. Meagher.   18 Am. and Eng. Ency. of Law (2 Ed.), 820; Merch N. B. v. Abernathy, 32 Mo. App. 211; Mullanphy v. Simpson, 4 Mo. 335.   The evidence being that Geo. Wolff was unable to pay the demands against him and that the leasehold was of value to an extent to pay this claim; that the plaintiffs obtained the leasehold from Wolff by a simulated forfeiture, concealed from Meagher, and founded on a default of Geo. Wolff, with which plaintiffs were acquainted, and that Meagher if notified of the defaults could have paid the rent, etc., and become the creditor of Wolff for the amount because of the existing liability under the terms of the lease and his suretyship, and applied the leasehold to its payment, the acquisition of the leasehold by plaintiffs was a fraud on Meagher which should be relieved against to the extent of having its value or its rents applied to the payment of plaintiffs' claim against the defendant in this action.   Hadfield v. Skelton, 66 Wis. 634; Smith v. Hays, 54 N. C. 321; James v. Langdon, 46 Ky. 193; Hitt v. Americus, etc., Co., 96 Ga. 788; Ely v. Elliott, Fed. Cas. No. 4439a; Gilliam v. Chancellor, 43 Miss. 437.

*Joseph G. Holliday* for respondents.

(1)   This case originated in the probate court, and that court has no equity powers, and could not try the question of forfeiture, or give effect to defendants' "equitable defense" by taking an accounting of rents and profits, nor enjoin the collection of this claim pending the trial of the other questions, all these being matters of purely equitable jurisdiction. Pres. Church v. McElhinney, 61 Mo. 540; Butler v. Lawson, 72 Mo. 227; Patterson v. Booth, 103 Mo. 402; In re Glover, 127 Mo. 153; Elliott v. Wilson, 27 Mo. App. 218; Scudder v. Ames, 89 Mo. 521.   (2)   If the probate court has no ju-

risdiction of a given question, then the circuit court can not acquire jurisdiction on appeal. Branson v. Branson, 102 Mo. 613; Cauley v. Truitt, 63 Mo. App. 356; Garver v. Richardson, 77 Mo. App. 459; 2 Woerner on Adm., p. 1029. (3) Even if this claim had been presented originally in the circuit court, and this "equitable defense" set up in an answer, it could not have been considered, as the question of forfeiture is wholly immaterial to the issue in this case which is, simply, whether Meagher signed the lease, and are the rents and taxes claimed, due and unpaid under said lease. Wood v. Welz, 40 App. Div. (N. Y.) 202; Kingsbury v. Williams, 53 Barb. 142.

GOODE, J.—In May, 1880, Gerard B. Allen leased certain premises in the city of St. Louis to Marcus A. Wolff and William A. Meagher, at that time constituting the firm of M. A. Wolff & Company. The lease was for thirty years, at a rental of seven hundred dollars per annum plus the payment of all taxes by the lessees. Meagher quitclaimed his interest in the lease to M. A. Wolff in 1884. In 1887, Edward B. Wolff and George P. Wolff took an interest in the business with M. A. Wolff, constituting the M. A. Wolff Real Estate Company. M. A. Wolff afterwards died and his said two sons continued the business of the firm until 1897, when the former sold out to the latter, who remained on the premises in question, conducting the real estate business until the lease was forfeited for non-payment of rents and taxes, to-wit, in May, 1899.

Meagher died in March, 1900, leaving a will of which the defendants, Phillip J. Nolan and John A. Nolan, are executors. Gerard B. Allen, the lessor, died in 1887 leaving a will whereby he devised to the plaintiffs, Samuel N. Holliday, George S. Drake and George L. Allen, as trustees, the premises in question. The aforesaid lease of the said premises provided ·that any failure to pay the quarterly rent

reserved or any part thereof when due, or to pay city and state taxes on demand or any part thereof within the year the same would become due, or to keep and perform any other of the agreements, covenants or stipulations in the lease, should create a forfeiture thereof and a termination of the time for which the premises were let and that the leased estate should be absolutely void at the election of the lessor "at any day or time however distant after such failure, by notice in writing to that effect, given by said lessor, his heirs, legal representatives or assigns, to said lessees, or their legal representatives, which said notice may be served by delivering a copy or duplicate of such notice to said lessees, or to either of them, or to their legal representatives. But it is further agreed that if the notice of forfeiture be for non-payment of rent, taxes or insurance the said lessees, may, by a payment of the same, at any time within thirty days after the service of said notice, be reinstated to all their rights, etc., the same as if no default had been made."

After George P. Wolff became the sole occupant of the premises and the sole proprietor of the business of the M. A. Wolff Real Estate Company, he paid the rent promptly to the agent of the trustees of Gerard B. Allen's will until 1899, when he defaulted in the payment of both the rent and the taxes for 1898 and 1899. The result was that in May, 1899, a written notice was served on him by the trustees under Allen's will, to-wit, the plaintiffs, notifying him that on account of his default and breaches in regard to the payment of rent and taxes and to keep the improvements on the property insured, the said trustees declared a forfeiture of the lease and of his and every one's else interest thereunder, including the interest of one of the original lessees, William A. Meagher.

Plaintiffs afterwards obtained possession of the property and collected the rents from different tenants. At the time this forfeiture was declared, Meagher was living, but no notice of the intention to forfeit was served on him. He died

as stated, in March, 1900, and thereafter plaintiffs presented the demand which is the subject-matter of the present controversy, to the probate court for allowance against his estate. The demand consisted of the unpaid rent for the first half of the year 1899, general taxes on the premises for 1898, together with interest, commissions and costs, and one-half the taxes for the year 1899 (that is, up to the time plaintiffs obtained possession) all amounting to nearly one thousand dollars. They obtained judgment for said sum in the probate court and afterwards in the circuit court. From the latter judgment defendants took this appeal.

Inasmuch as no formal pleadings were filed in the case, the defense relied on can be best collected from the statement of the defendants' counsel on the trial in the circuit court, which is as follows:

"Our defense here is that all the circumstances attending this transaction constitute an equitable defense to this action. It has already appeared that this lease was forfeited, or attempted to be forfeited without any notice to William A. Meagher; that they are now seeking to hold William A. Meagher liable for the default of another. We expect to put in evidence here an assignment of the interest of William A. Meagher to his partner M. A. Wolff in 1885. It is our position that if the plaintiffs here seek to hold the estate of William A. Meagher, they should not be permitted to do so in a court of equity, for the reason that they have by their own conduct deprived William A. Meagher of all opportunity of protecting himself in this transaction. If William A. Meagher is to be held in this matter at all, he is to be held as a surety, and our position is that he as a surety would be entitled to the profits arising by reason of the possession of the plaintiffs in this case, and that it is proper for the court to consider the value of those premises, the rental value of them, and we will contend further that before this claim can be adjudicated, we are entitled to an accounting of the profits made

by the plaintiffs by reason of this wrongful possession that they have of the premises. We are willing to take possession of those premises and pay everything according to the terms of the lease."

It should be stated that the defendants contend the rental value of the premises largely exceeds the rent reserved in the original lease by Allen to Wolff and Meagher, and that the unexpired term at the time of the forfeiture was worth from six to eight thousand dollars; they therefore say that as no notice of the forfeiture was served on Meagher and as he had assigned his interest in the term to his co-lessee, Marcus A. Wolff, under whom the tenant in possession at the time of the forfeiture held, the defendants, as executors of Meagher's will, are entitled to have either the rents collected by the plaintiffs since the forfeiture offset against plaintiffs' demand, or the value of the unexpired term of the lease so offset; we are somewhat at a loss to understand which is the exact position of the defendants. But we are clearly of the opinion that neither position is tenable. The question whether the lease was properly forfeited and whether the forfeiture was good against Meagher in default of notice actually served on him, is immaterial in the present case. Meagher's liability to pay the rent and taxes as an original lessee was not extinguished by his assignment to his co-lessee; he still remained liable to the lessor and his trustees, and the present proceeding was simply for the purpose of collecting rent and taxes which neither he, his co-lessee, nor any one holding under them, had paid. Meagher's estate was undoubtedly liable for this demand, which was properly adjudged against it. Patten v. Deshon, 1 Gray 325; Kingsbury v. Williams, 53 Barb. 142.

The set-off or equitable defense relied on by the appellants, as stated by their counsel, is based on the notion that Meagher was only a surety for payment of the rent and taxes accruing under the lease after he assigned his interest in the term to his co-lessee, and that as surety he is entitled

to be subrogated to the right of the then lessee or principal, to-wit, George P. Wolff, to the unexpired term, and to have the excess of its value over the rent reserved, applied in satisfaction of this claim. Suffice it to say, as to this defense, that such a right, if it exists, could not be litigated in this proceeding in the probate court, as it is one of purely equitable cognizance. Nor is there any reason for staying the judgment in the present case until it can be litigated elsewhere, because there is no claim that the plaintiffs are insolvent. But the notion seems to involve a contradiction; the validity of the forfeiture as to George P. Wolff is not challenged, and being valid, that party had no right left to the unexpired term to enure to Meagher's executors by subrogation. On the other hand, if Meagher was still bound as principal for the rent and taxes, a claim by his executors to have the rents collected by the plaintiffs from the occupants of the premises, after the forfeiture, applied in satisfaction of the present demand on the ground that Meagher was not bound by the forfeiture for lack of notice, is met by the fact that the rents thereafter collected by the plaintiffs were less in amount than those called for by the lease, so that there was no surplus to be applied in payment of rents and taxes previously in default.

It results that no defense was shown to the plaintiffs' claim, and the judgment is, therefore, affirmed. *Bland, P. J.,* and *Barclay, J.,* concur.