COLUMBIA BREWING COMPANY, Appellant, v.
MILLER, Respondent.

**St. Louis Court of Appeals, April 16, 1907.**

1. **LANDLORD AND TENANT: Notice to Quit: Alternative Notice.** Where a landlord served two notices upon his tenant, one that the rent would be increased after a certain day, and the other requiring the tenant to give possession on that day, the two notices must be construed together as one, and so construed they gave the tenant the option to continue in possession at the increased rent or vacate the premises, and were insufficient, because a notice by a landlord to his tenant demanding possession must be unequivocal and unconditional.

2. **ESTOPPEL: Conduct in Former Suit: Instruction.** A landlord served upon a tenant a notice to quit and also a notice that after a given day his rent would be increased, and afterwards in an action for possession the tenant requested and the court gave an instruction to the effect that if the jury found the tenant had elected to retain possession at the increased rental, the verdict should be for him. The verdict was for the defendant, the tenant. *Held,* in a subsequent action for rent of the premises the tenant was estopped to deny that he elected to pay the increased rental, although there were other issues in the former suit upon which a judgment might have been rendered in his favor.

3. ———: ———: **Express Contract.** In such subsequent action the declaration was upon an express contract to pay rent at the increased rate and, although there was no evidence written or oral of an express contract, the defendant being estopped to deny that he had elected to keep the premises at the increased rate, the landlord was entitled to recover as upon an express contract and the declaration was proper.

Appeal from Jefferson Circuit Court.—*Hon. Joseph J. Williams,* Judge.

REVERSED AND REMANDED.

*E. A. Rozier* and *Byrns & Bean* for appellant.

(1) The defendant having in the former suit asked and obtained an instruction declaring that he had elected to occupy the premises and pay a rental of one hun-

dred and fifty dollars per month, cannot now be permitted to deny that he so elected. Kennedy v. Bambrick, 20 Mo. App. 631; Welch & Harvey v. Dameron, 47 Mo. App. 226; Boettger v. Roehling, 74 Mo. App. 265; Coney v. Laird, 153 Mo. 435; Boogher v. Frazier, 99 Mo. 331; Eagan v. Martin, 81 Mo. App. 679; Kaehler v. Dobberpuhl, 60 Wis. 256; Broom's Legal Maxims, 168; Cogswell v. Freudman, 93 Mo. App. 482; Brown v. Appleman, 83 Mo. App. 79. (2) Defendant having received the benefit of the instruction asked in the former case, is now estopped from denying the facts set out therein. Hill v. Morris, 21 Mo. App. 259; 1 Herman on Estoppel, p. 11, par. 15; Est. of Glover & Shipley, 127 Mo. 152. (3) Parties litigant cannot play fast and loose with the court. A position deliberately taken by one litigant in a lawsuit cannot thereafter be denied. Sheehan v. Sims, 36 Mo. App. 231; Wood v. Wood, 59 Ark. 441; Watson v. Frank, 44 Pac. 378; Montague v. Selb, 106 Ill. 49; Bondis v. New Orleans, 28 La. Ann. 139; Johnson v. Flanner, 42 La. Ann. 522; Edes v. Gary, 46 Md. 41; Stimson v. Summer, 9 Mass. 143; Martin v. Boyce, 49 Mich. 122; Brown v. Roberts, 24 N. H. 131; Varrick v. Edwards, 11 Paige 289; Weinstock v. Lewinson, 14 N. Y. Sup. 64; Campbell v. Stephens, 66 Pa. St. 314; Railroad v. Howard, 57 U. S. 307; Davis v. Wakelee, 157 U. S. 688.

*W. S. Anthony* and *Politte Elvins* for respondent.

(1) The suit instituted by appellant for unlawful detainer was defeated by the respondent, for the reason that the notices served upon respondent to vacate, were not explicit and positive, and did not "require the respondent (tenant) to remove from the premises." Ayers v. Draper, 11 Mo. 548; Taylor's Landlord and Tenant (7 Ed.), sec. 483, pp. 415, 416. (2) The action of the trial court, on failure of proof of express contract, to

permit the plaintiff to amend his petition, so as to recover on *quantum meruit,* was indeed generous under the facts in this case, and should have been accepted by the appellant. Eyerman v. Cemetery Assn., 61 Mo. 489; Lewis v. Slack, 27 Mo. App. 119; Bank v. Payne, 31 Mo. App. 513; Watson v. McElroy, 33 Mo. App. 553. (3) The plaintiff by instituting suit of unlawful detainer against defendant treated him as a trespasser, and ought not, in the language of his attorney, "play fast and loose with the court," by instituting another suit for rent growing out of a contractual relation. Sheehan v. Sims, 36 Mo. App. 231; Montague v. Selb, 106 Ill. 49; Bondis v. New Orleans, 28 La. Ann. 139; Johnson v. Flanner, 42 La. Ann. 522; Welch v. Dameron, 47 Mo. App. 226.

STATEMENT.—On January 12, 1905, Mary C. Kenner and her husband, Francis P. Kenner, leased to appellant a hotel and saloon building, situated on lot 6, block 4, in the city of Elvins, St. Francois county, Missouri, known as "Miller's Hotel," for a term of three years, at a rental of nine hundred dollars per annum, payable annually in advance. At the date of the execution of the lease, respondent was occupying the premises, as a tenant of the Kenners from month to month, at a rental of sixty dollars per month. His rent month ended on the fifteenth day of the month and on February 15, 1905, he attorned to appellant by paying sixty dollars, the amount of rent due on that date. On March 13, 1905, appellant served the following notice on respondent:

"To W. H. Miller,

Elvins, Mo.

"The undersigned Columbia Brewing Company, a corporation, being entitled as lessee to the possession of the premises, consisting of that two-story frame hotel and saloon building, known as 'Miller's Hotel,' situated on lot six, block four, of the city of Elvins, county of

St. Francois, Missouri, has decided to fix the rate of the rental of said premises at the sum of one hundred and fifty dollars per month, payable monthly in advance. Such rent for said premises at said rate of one hundred and fifty dollars per month to be in effect from and after March 15, 1905. You are hereby notified of such fact and will be governed thereby.

"Dated Farmington, Mo., this thirteenth day of February, 1905.

"COLUMBIA BREWING COMPANY,
"By its agent and attorney EDWARD A. ROZIER."

And on the same date and at the same time served the following other notice on respondent:

"Farmington, Mo., Feb. 13, 1905.
"To W. H. Miller, Elvins, Mo.,

"You are hereby notified that it is the intention of the undersigned Columbia Brewing Company, a corporation, to terminate your tenancy on the premises now occupied by you as a tenant of the undersigned, which premises are described as follows, to-wit: All of lot six (6), block four (4) of the city of Elvins in St. Francois county, Missouri, whereon is situated the two-story frame building, used as a hotel and saloon, known as 'Miller's Hotel,' excepting therefrom the one-story frame store building now occupied by Ed. Roberts; and you are required on or before the fifteenth day of March, 1905, to remove from and quit possession of the above described premises and to deliver to the undersigned on or before said fifteenth day of March, 1905, the full and complete possession of said premises.

"COLUMBIA BREWING COMPANY,
"By its agent and attorney EDWARD A. ROZIER."

Respondent refused to quit or to pay the one hundred and fifty dollars per month as rent, and on March 30, 1905, appellant commenced a suit against him for unlawful detainer, before a justice of the peace, which in

due course was appealed to the St. Francois Circuit Court, where on a trial *de novo* the verdict and judgment were for respondent. No appeal was taken from the judgment. On September 2, 1905, respondent voluntarily vacated the premises, having paid no rent from March fifteenth to September 2, 1905, and the action is to recover the rent which accrued during this period.

The petition alleges that respondent "agreed to pay this plaintiff as rent for said premises the sum of $150 per month from the fifteenth day of March, 1905, for each month that defendant should continue in the occupation of said premises."

Plaintiff states that defendant has continued to occupy said premises from the fifteenth day of March, 1905, to the second day of September, 1905, a period of five and one-half months, and is now justly indebted to plaintiff in the sum of $825 as rent of said premises. Plaintiff further states that defendant has not paid said sum of $825, nor any part thereof, though the same has been often demanded of defendant by plaintiff."

The answer was a general denial.

The evidence shows there was no written or verbal express agreement between appellant and respondent, whereby the latter agreed and promised to pay appellant $150 per month as rent for the premises. It appears appellant was anxious that the tenant occupying the premises should handle its brew of beer. Respondent declined to do this, and the evidence shows that appellant did not expect respondent to pay one hundred and fifty dollars per month as rent, but gave him notice of this increase of the rent for the purpose of covering not only the rent but any damages it might suffer by reason of respondent's refusal to handle its beer while he occupied the premises, and also to cover any expense it might be put to in suits for the purpose of gaining possession of the premises from respondent. On March 15, 1905, respondent tendered appellant a check for sixty dollars in

payment of one month's rent. Respondent refused to accept the check for the reason, it claimed, it was not enough to pay the rent.

Appellant read the following instruction given in the unlawful detainer suit in behalf of respondent, to-wit:

"6. The court instructs the jury that under the two notices given by plaintiff to defendant, defendant had the right to exercise his option and either move from the premises of plaintiff or retain possession thereof at a rental of $150 per month; and if the jury find that defendant elected to retain possession of the premises in controversy at the rental of $150 per month then they must find the defendant not guilty of unlawful detainer in the manner and form charged."

Respondent read the following instructions given on behalf of appellant in the unlawful detainer suit:

"3. The court instructs the jury that if you find from the evidence in the cause that defendant was a month to month tenant of plaintiff and as such occupied the premises on lot 6, block 4 of the city of Elvins, in St. Francois county, Missouri, whereon is situated the two-story frame hotel and saloon building known as 'Miller's Hotel' excepting therefrom the one-story frame store building now occupied by Ed Roberts; and if the jury shall further find that such tenancy existed between defendants and plaintiff for the month from February 15 to March 15, 1905, of the premises above described; and if the jury shall further find that plaintiff gave defendant on or prior to February 15, 1905, one month's written notice of its desire and intention to terminate such tenancy on and at the end of said period; and if the jury shall further find that defendant after said fifteenth day of March, 1905, unlawfully, wilfully, and without force continued to hold over the possession of said premises against the wish and desire of plaintiff then the jury are

instructed to find the defendant guilty of unlawfully detaining the premises herein above described.

"4.    The court instructs the jury that if you shall find the defendant guilty of unlawfully detaining the premises herein before set out you will assess plaintiff's damages at the fair and reasonable rental value of said premises from the time of their unlawful detention up to the twenty-fifth day of May, 1905, as you may find the same to be from the evidence but not to exceed one hundred and fifty dollars per month."

And the following given on the part of respondent in said suit:

"5.    The court instructs the jury that before you can find the defendant guilty of unlawful detainer you must find from the testimony in the case that the defendant refused and neglected to quit the possession of the premises in controversy, after his term had expired, and that he remained and continued in possession of said premises after demand made in writing for the delivery of the possession thereof to the plaintiff.

"And you are further instructed that in passing upon the question of the sufficiency of the demand in writing you will take into consideration all notices in writing introduced in evidence served upon the defendant if. you find any such notices were served, and all such notices, if any, served upon defendant should be construed together, and unless you find that such notices contain a demand in writing to deliver up the possession of the premises to plaintiff on the fifteenth day of March, 1905, your verdict should be for the defendant and you shall find him not guilty of unlawful detainer."

And the following asked by respondent and refused by the court:

"The court instructs the jury that the notice to quit possession given by the landlord to the tenant to be lawful and sufficient must be, in its terms, unconditional,

absolute, specific and without equivocation and without any optional provisions, and that if the jury find that the notice to quit possession, given by plaintiff to defendant was given simultaneously and together with another notice to defendant that 'the plaintiff has decided to fix the rate of the rental of said premises at the sum of $150 per month, to be in effect from and after March 15, 1905,' that defendant was thereby notified of such fact and to govern himself accordingly, then you should find the defendant not guilty of unlawful detainer."

The testimony heard on the trial of the unlawful detainer suit in the circuit court was offered in evidence by respondent. Respondent, as a witness in that suit, testified that he never agreed to pay one hundred and fifty dollars per month as rent for the premises; that after the two notices were served on him, he said to appellant's representatives, that he would stay until he got some other place to move to, unless they bought him out, or put him out, and the reason he did not move was because he had no place to go.

The court directed a verdict for respondent.

BLAND, P. J. (after stating the facts.)—Appellant contends that respondent, having asked and obtained instruction No. 6, supra, in the unlawful detainer suit and having been successful in his defense of the suit, is estopped to deny that he elected to pay one hundred and fifty dollars per month as rent for the premises from and after March 15, 1905; on the other hand, respondent contends that appellant was defeated in the unlawful detainer suit, for the reason the notices served on respondent to vacate were not sufficiently explicit and positive to require him to move. Instruction No. 5, given for respondent in that suit, in effect, left it to the jury to find whether or not the notices to vacate were sufficient in law to require respondent to move. The two notices were served on respondent March thirteenth, were served at one and the same time, and should be taken as

one notice and construed together. When construed they impart to respondent the information that appellant gave him option to continue in the possession of the premises at a rental of one hundred and fifty dollars per month or to vacate the premises, if he was not willing to pay the increased rent. A notice to a tenant to quit must be absolute. In Ayers v. Draper, 11 Mo. 548, a notice demanding possession and declaring that if possession was not given by a certain day, rent at a given rate would be claimed, was held to be insufficient. The notices in the case at bar are not distinguishable from the one pronounced insufficient in Ayers v. Draper and, in law, they were ineffectual; and the jury may have found they were insufficient and that respondent elected to pay one hundred and fifty dollars per month rent, or *vice versa,* they may have found the notices sufficient and respondent did not elect to pay the one hundred and fifty dollars per month, or they may have found the notices insufficient, and also that respondent elected to pay one hundred and fifty dollars per month as rent. The uncontradicted evidence is, that respondent at all times refused to pay one hundred and fifty dollars per month, and insisted that he was only liable to pay rent at sixty dollars per month, which he offered to pay, and on the trial offered to consent to an amendment of the petition and let judgment go against him at that rate for the time he had occupied the premises without paying rent. The evidence, therefore, would not warrant the inference that respondent elected to pay one hundred and fifty dollars per month, and we think there is a greater probability that the jury found the notices to quit were insufficient than that they found respondent elected to pay one hundred and fifty dollars per month rent. But we are not required to find whether one or the other of the instructions influenced the jury to find a verdict for respondent. It suffices to know that instruction No. 6, supra, was given at the in-

stance of respondent, and that he asked the jury in the
unlawful detainer suit to find he did elect to pay one
hundred and fifty dollars per month as rent, for the pur-
pose of inducing them to find a verdict in his favor.  In
the present suit, for the purpose of defeating a recovery
of the rent at the rate he asserted in his instructions in
the former suit he elected to pay, respondent faces about
and denied he ever made the election.  Lord Kenyon said
"that a man shall not be permitted to 'blow hot and cold'
with reference to the same transaction, or insist, at dif-
ferent times, on the truth of each of two conflicting alle-
gations, according to the promptings of his private in-
terest."  [Broom's Legal Maxims, sec. 169.]  By his in-
structions and conduct in the unlawful detainer suit, we
think respondent is estopped to deny that he elected to
pay one hundred and fifty dollars per month, as rent for
the premises in the present suit.  The following Mis-
souri cases are in point:  Kennedy v. Bambrick, 20 Mo.
App. 630; Welch & Harvey v. Dameron, 47 Mo. App.
221; Boettger v. Roehling, 74 Mo. App. 257; Brown v.
Appleman, 83 Mo. App. 79; Holliday v. Noland, 93 Mo.
App. 403, 67 S. W. 663; Coney v. Laird, 153 Mo. 408, 55
S. W. 96; Est. of Glover & Shepley, 127 Mo. 153, 29 S. W.
982; Boogher v. Frazier, 99 Mo. 325, 12 S. W. 885.  The
petition declared on an express contract to pay rent at
the rate of one hundred and fifty dollars per month.  A
contract is express when a bargain has been made con-
cerning the subject-matter in question, or where the
terms of the agreement have been openly uttered by both
parties, or where the contract has been volun-
tarily made by the parties thereto.  It is an actual
agreement that can be proved by either written or oral
evidence.  If therefore, after receiving the notices that
the rent of the premises was increased to one hundred
and fifty dollars per month, respondent elected to keep
them and pay the increased rent, appellant is entitled to
recover as on an express contract.  For the reasons here-

in stated, we think the learned circuit judge erred in peremptorily instructing the jury to find for respondent, and reverse the judgment and remand the cause. All concur.