## PATRICK FLANAGAN, Respondent, v. LORENTZ LAZERINE, Appellant.

St. Louis Court of Appeals, June 3, 1913.

1. **LANDLORD AND TENANT: Termination of Tenancy from Month to Month: Sufficiency of Notice.** A notice from a landlord of his intention to terminate a tenancy from month to month of city property, on a certain date more than thirty days after the notice was served on the tenant, which stated that if the tenant desired to continue as tenant after such date, he might do so at an increased rental specified, was not sufficient to terminate the tenancy, under Sec. 7883, R. S. 1909, because of the alternative proposition it contained.

2. ———: ———: ·Creation of New Tenancy. A landlord's notice of his intention to terminate a tenancy from month to month of city property was ineffective, under Sec. 7883, R. S. 1909, because it contained an alternative proposition permitting the tenancy to continue after the date specified at an increased rental. On the date specified as the date the tenancy was to terminate and the increased rental was to go into effect, the tenant dissented from the landlord's demand for increased rental and tendered him the amount provided for under the original tenancy. *Held*, that the tenant's dissent was made in due time, and that a new tenancy was not created by virtue of his remaining in possession of the premises, since a new tenancy could not be created until the prior one had been terminated, and since, also, there was no meeting of the minds with respect to the landlord's proposal; and hence it is *held*, that the tenant was not liable for the increased rental.

3. RES ADJUDICATA: Establishment: Memorandum Opinion of Trial Judge: Trial Practice. A memorandum opinion of the trial judge is not a finding of facts under the statute and is not available in support of a plea of *res adjudicata* in a subsequent suit between the same parties involving the same subject-matter.

4. APPELLATE PRACTICE: Memorandum Opinion of Trial Judge: Function: Trial Practice. A memorandum opinion of the trial judge may be consulted by the appellate court only for the purpose of determining the theory pursued by the trial judge, and is not to be utilized as a finding of facts.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

REVERSED.

*Frank A. Habig* for appellant.

Appellant, by staying in the premises after notice served upon him by respondent, did not elect to pay respondent the increased amount of rent; for the reasons: (a) That the notice was illegal and void in the first instance, because in the alternative. Brewing Co. v. Miller, 124 Mo. App. 392. (b) Because both of their minds had not met upon the agreement as to the increased amount of rent. (c) That before a new contract can be created relative to the same subject-mat-

ter, the old agreement must be terminated; and, in this case, the old tenancy had never been terminated, either by mutual consent or operation of law.   Hunt v. Bailey, 39 Mo. 266; Brewing Co. v. Miller, 124 Mo. App. 384; Nagel v. League, 70 Mo. App. 490.

*Buder & Buder, Eugene Buder* and *A. W. Wenger* for respondent.

The tenant Lazerine's failure to dissent within a reasonable time after the service of notice of September 21, 1909 (that is, before November 1st), and his continuance in occupancy of the premises after October 31, 1909, created by implication of law a new letting from month to month upon the terms specified in said notice.   Adriance v. Hafkemeyer, 39 Mo. 134; Hunt v. Bailey, 39 Mo. 257.

NORTONI, J.—This is a suit on account for rent. Plaintiff recovered and defendant prosecutes the appeal.

It appears that several years ago plaintiff let certain premises in the city of St. Louis to defendant at the agreed rental of $150 per month.   The tenancy was from month to month only and defendant occupied the premises some three or four years before the institution of this suit.   The present suit proceeds for the recovery of the rent for the month of November, 1909 (which, it is asserted, is $750), evidently on the theory that a new tenancy was created by the conduct of the parties subsequent to the original letting.   The case concedes that the original letting of the premises was from month to month and at the agreed rental of $150 per month, and that the relation of the parties thus created continued until November 1, 1909.   However, plaintiff sought to continue the relation of landlord and tenant existing under the original letting at an increased rental from and after the first of September of that year, for it appears that on July 19, 1909,

he served on defendant a notice to the effect that $300 per month rental would be exacted from and after September first. Defendant did not accede to this demand for increased rent and continued in possession of the premises as before. Subsequently plaintiff instituted two suits against defendant for such increased rent for September and October, but the finding and judgment in each of these were for defendant.

While the controversy pertaining to the attempted exaction of additional rent involved in those cases was pending, plaintiff served a notice on defendant on September 21, 1909, demanding possession of the premises on November first. By this notice defendant was pointedly informed that it was plaintiff's intention to terminate the relation of landlord and tenant then existing on the first day of November and, furthermore, that defendant would be required to surrender possession of the premises on that date; but the notice was in the alternative, for it contained, besides the recital of plaintiff's intention to terminate the tenancy and the demand for possession, a proposition to continue the relation of landlord and tenant as before at an increased rental of $750 per month. The alternative proposition contained in the notice is as follows: "If you desire to continue as tenant at the above mentioned premises after the time of expiration above specified, you may do so at a rental of $750 per month, payable in advance, instead of the rental now paid by you. (Signed) P. Flanagan."

Defendant at no time acceded to this demand, but rather dissented therefrom, for on the first day of November he refused to accept plaintiff's proposition to pay $750 per month and instead tendered to him the rent as before—that is, $150 for November—and continued in possession of the premises. Plaintiff declined to accept this tender of $150 as the rent in advance in accordance with the original contract of letting, and instituted this suit for $750 on account of

the November rent, as if a new contract of letting had been made on November first.

The court found the issue for plaintiff, as though the original tenancy was terminated on November first and a new one created through defendant's continuing in possession, and this, too, notwithstanding his dissent from plaintiff's proposition to increase the rent manifested by him on November first when he declined to pay it and tendered $150 instead. Obviously this judgment involves an erroneous view of the law touching the questions involved for two reasons: First, the notice given was insufficient to terminate the prior tenancy at $150 per month, and, second, it conclusively appears that defendant expressly dissented from the proposal to continue the prior relation at an increased rental at the very instant such proposition is asserted to have become effective.

There can be no doubt that the relation of landlord and tenant existed between these parties until November first under the original letting, at the agreed rental of $150 per month. As the letting was from month to month, this tenancy pertaining to tenements in a city could, in the absence of an agreement of the parties to that effect, be terminated only by plaintiff giving to defendant one month's notice in writing requiring him to remove therefrom. [Sec. 7883, R. S. 1909.] Had the notice given by plaintiff and served on defendant September 21st been absolute and positive in its terms and without qualification, there can be no doubt that it would have operated to terminate the relation of landlord and tenant as intended, but it was wholly ineffective because of the alternative proposition above set out. In an early case, Lord MANSFIELD declared that a notice to quit, served by the landlord on his tenant, which contained as well an alternative offer of a new bargain, to be insufficient. [See Doe v. Jackson, 1 Doug. 175.] Touching the sufficiency of such notice and respecting its contents as to a positive demand for

possession, and without more, Mr. Taylor, in his work on Landlord and Tenant (7 Ed.), sec. 483, says, "The notice must be *explicit and positive;* . . . it must require the tenant to remove from the premises. It should not, therefore, in any case, give the tenant the mere option of leaving the premises, or require him to enter into a new contract on certain conditions, or the like."

Mr. AcAdam, in his work on Landlord and Tenant (4 Ed.), vol. 1, sec. 182, says, "The notice must be positive and not in the alternative." [See, also, Baltimore Dental Ass'n v. Fuller, 101 Va. 627.]

Our own Supreme Court, in Ayres v. Draper, 11 Mo. 548, 550, in considering a notice to quit given by a landlord to his tenant, similar to the one involved here, declared it insufficient because of the alternative proposition it carried and concluded remarks on the subject as follows, "A notice to quit must be absolute."

This court, in Columbia Brewing Co. v. Miller, 124 Mo. App. 384, 101 S. W. 711, declared the same, touching a notice containing an alternative proposition as here.

There can be no doubt that such is the doctrine of our law on the subject and that it generally obtains, as well, as will appear by reference to the textbooks above cited. Though the notice given in the instant case expressed the intention of plaintiff to terminate the tenancy and contained a proper demand for possession, it was wholly ineffective because of the alternative proposition to continue the tenancy at an increased rental of $750 per month. It was not explicit and positive but rather in the alternative, for that, in the language of Lord MANSFIELD, "it offered a new bargain." The notice being ineffective, as it was, to terminate the tenancy, it is entirely clear that the relation of the parties continued as before under the original rental of $150 per month, unless defendant ac-

cepted plaintiff's proposition of a new tenancy of $750 per month rent by continuing in possession of the premises.

It is conceded that defendant did not expressly agree to continue as plaintiff's tenant at $750 per month and it is conceded, too, that he dissented therefrom on the first day of November and tendered $150 as the rental under the original contract. But it is argued his dissent manifested on that day was insufficient, for it is said he should have done so within a reasonable time after the notice was served and not on the first day of November when the proposed new lease was to become effective. It is a sufficient answer to this argument to say that, until the prior tenancy had been terminated, a new one could not be created. The relation is one of contract and the question is one of the meeting of minds with respect to the subject-matter. The cases relied upon involve a holding over after the termination of the term for which the premises were let. Hunt v. Bailey, 39 Mo. 257, and Adriance v. Hafkemeyer, 39 Mo. 134, both involve a holding over by the tenant after the term, for which the prior letting was had, had come to an end. No question of notice to terminate the tenancy was involved, for the term ended by the duration of the time theretofore stipulated. The notice given in those cases merely went to the effect that, if the tenant desired a new lease, it could be had at the increased rental proposed.

In Hunt v. Bailey, it appeared that the tenant made no dissent whatever and continued in possession of the premises for three months after the expiration of his term, when a tender of rent was made in accordance with the terms of the prior lease. It was in considering these facts the court said, "It was his (the tenant's) duty to manifest his dissent within a reasonable time, in order that the landlord might have taken the necessary steps to have acquired the possession and reoccupied the premises, had it been deemed

Flanagan v. Lazerine.

proper to do so. By his continuing in possession and remaining silent, the landlord had the right to construe his silence into an assent or acquiescence and hold him for the increased rent.'' But all of this relates to the statement of fact immediately preceding it which goes to show the tenant remained in possession three months after his term had expired and manifested his dissent from the proposed increase of rent only when he ten-- dered the first quarter's rent on the new term. The court thus states the facts pertaining to this matter: ''When the first quarter had expired and a. bill was presented for the increased rent, he objected and tendered the amount according to the terms of the prior contract.'' [Hunt v. Bailey, 39 Mo. 257, 267.] Obviously the dissent thus made three months after the prior term had expired and the new one commenced was not within a reasonable time.

In Adriance v. Hafkemeyer, 39 Mo. 134, it appears that besides the defendant's term expiring and the fact of his holding over and that he did not dissent from the proposed increase of rent, he actually promised to pay it on condition plaintiff would restore a bar in the premises, and by an examination of the instructions it appears the court found the landlord complied with his agreement pertaining to the bar. Obviously that case presents one of an express agreement to the increase in rent.

By reference to the prior decision of Witte v. Witte, 6 Mo. App. 488, it appears the court construed the authorities under discussion as applying only to cases where the holding over by the tenant is after the expiration of his term and without a dissent from the proposition pertaining to an increased rent.

In Loring v. Taylor, 50 Mo. App. 80, it appears the tenant merely entered as a trespasser on the landlord's property and took possession. Upon discovering such to be the fact, the landlord notified the defendant intruder that he would look to him for rent at twenty dol-

lars per year during the term of his occupancy, and the defendant testified, not only that he did not dissent from the proposition, but that "I was perfectly willing to pay him that for it." It is clear that this case reveals that there was not only no dissent on the part of the tenant but an actual assent to the proposition pertaining to the rent.

It is certain that none of the cases will authorize a finding of a new contract on such a proposition as that here involved on the mere fact of continuing in possession, when it appears the tenant expressly dissented within a reasonable time after the notice was given. As said in Hunt v. Bailey, on such dissent appearing it is the duty of the landlord to proceed immediately to oust the tenant. Here it is not questioned that defendant was entitled to the possession until November first under the prior letting of $150 per month, and it abundantly appears that the rent for the succeeding month was to be paid on that day under the existing lease. It was obviously sufficient for defendant to manifest his dissent to the terms of rent proposed when the first payment was to be made on the first day under the proposed new letting, for until then he was entitled to ponder the matter and consider whether he should contract an additional obligation. It is entirely clear that defendant's dissent was made at a proper time, that is at the very time it devolved on plaintiff to show he assented.

But it is argued that, in one of the prior cases between these parties pertaining to the increased rent, the court found as a fact that defendant acquiesced in the proposition for an increased rental and was bound to pay it, but nonsuited the plaintiff on other grounds. It is conceded no appeal was prosecuted from that judgment and therefore it is said the question is *res adjudicata* here. The record before us does not reveal this fact to be true, for so much of it as is available here merely discloses the plaintiff to have been non-

suited in the case referred to. It is true we are pointed to a memoranda opinion of the trial judge in the former case and copied in the bill of exceptions here, from which it appears his reasoning proceeded on the premise suggested; but be that as it may, such memoranda opinion is not a finding of facts under the statute and is without avail on appeal to conclude the matters therein referred to. It may only be consulted as a means of enlightening the appellate court on the theory pursued by the trial judge and is not to be utilized as a finding of fact on any question. [See Mead v. Spalding, 94 Mo. 43, 6 S. W. 384.]

The judgment should be reversed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.