## Case No. 4,680.

In re FARRELL.

[5 N. B. R. 125.][1]

District Court, D. New Jersey. June 20, 1871.

NIXON, District Judge. This is an application to vacate the adjudication of bankruptcy made in the case, and to strike the petition from the files of the court. The grounds alleged in support of the application are, that J. W. Farrell had filed his petition in this court on the tenth of February, eighteen hundred and sixty-eight, for a discharge from his debts under the bankrupt law; that the case regularly proceeded until the seventeenth of November and the twenty-second of December, eighteen hundred and sixty-nine, on which date specifications were filed opposing his final discharge upon various grounds; that on the twenty-eighth day of December, eighteen hundred and sixty-nine, after argument by counsel, the court gave a decision denying the bankrupt's right to a discharge, and refusing to grant the same; and that this refusal is a bar to any new application by the bankrupt debtor for the benefit of the act.

The counsel for the bankrupt resists the application, for the reason that the court did not refuse the discharge for any matters of substance affecting the conduct of the bankrupt, but upon a mere matter of form, arising from his neglect to apply for his final discharge within the time limited by the law; and that he ought not to be precluded from filing a second petition when his discharge has been refused, upon any ground except those specifically defined in the twenty-ninth section of the bankrupt act [of 1867 (14 Stat. 517)].

---

[1] [Reprinted by permission.]

It appears that in the former proceedings Farrell was adjudged a bankrupt on the seventeenth day of February, eighteen hundred and sixty-eight; that no assets came to the hands of the assignee, and that the bankrupt filed an application for a discharge from his debts on the third of May, eighteen hundred and sixty-nine; more than one year after the adjudication. Ten specifications were filed by the opposing creditor against the bankrupt's discharge, all of which, except the last two, are mentioned in the twenty-ninth section as valid reasons for withholding a discharge. The ninth and tenth had reference only to the time within which he was permitted to make his application; and his honor, the late Judge Field, declined to hear any argument upon the other specifications as a useless waste of time, holding that the proper construction of the first clause of the twenty-ninth section required the bankrupt to apply for his discharge within one year of the date of adjudication, in all cases where there were debts proved, or no assets had come to the hands of the assignee.

The case then presents the question whether a bankrupt, after his discharge has been refused for any cause, may again apply to the court for the benefit of the bankrupt law? This question can be best answered by considering the nature and character of these bankruptcy proceedings. They have been held to be, and are, in the nature of a suit in which the bankrupt appears as plaintiff and the creditors are defendants; the plaintiff asking the court for a judgment against all and each of the defendants, discharging him from his indebtedness to them. The defendants have their day in court, are entitled to be heard at all stages of the proceedings; and when the bankrupt files his application for a discharge from the payment of his debts, any single creditor may make opposition thereto, by entering his appearance and putting on file specifications against the discharge. These reasons may be for some unlawful or fraudulent act committed by the bankrupt himself, antecedent to, or during the course of, the proceeding, such, for instance, as are enumerated in the twenty-ninth section as proper grounds for withholding a discharge, or they may be for some irregularity in the proceedings, or want of diligence on the part of the bankrupt, or want of jurisdiction on the part of the court.

The ground for refusing the discharge in the present case, was that the bankrupt did not apply for it within one year after the date of adjudication of bankruptcy, as the twenty-ninth section, fairly interpreted, demands. It did not involve the merits of the issue between the bankrupt and his creditors; but it was simply a question of statutory construction as to whether the court had the power of making a decision upon the merits, after such a delay on the part of the bankrupt in bringing the matter before it. This question was raised by the creditor in the ninth and tenth specifications, and it was rightly held that the court had no such power, the result being in principle the same as where the plaintiff, in a suit at law, is non-prossed for not bringing on his case for trial at the next term after the issue joined. He has the costs of the first proceedings to pay, but is allowed to commence again and to continue until he reaches a judgment upon the merits of his case.

The counsel for the petitioner contends that such a construction of the statute is a hardship to the creditor, as it subjects him to the trouble and expense of resisting a discharge a second time upon the new application. But the same objection exists to a non-suit at law, or to a dismissal of a bill in equity, upon technical grounds. He may ordinarily avoid such hardship by waiving all specifications that do not touch the merits of the question of discharge, and may have the judgment of the court solely upon the merits. If he does not choose to rely upon these he ought not to complain if the court allows such new proceedings as may be requisite to reach its judgment upon the real issue between the bankrupt and his creditors. In the present case, proceedings de novo are necessary, and the application to dismiss the petition must be refused.