JOSEPH F. LIGHT *vs.* RUFUS N. MERRIAM.

Worcester.   Oct. 8, 1881. — March 8, 1882.   LORD, W. ALLEN & C. ALLEN, JJ., absent.

All the persons interested in an estate, the administrator of which was a defaulter, released him and his sureties from all claims against them.   In consideration of this, two of the sureties gave separate notes payable at a certain time to a person as trustee for those interested in the estate, each for one half of the amount of the defalcation; at the same time the administrator gave his obligation under seal to repay the sureties the sums they paid as such; and the third surety agreed to pay to each of them one third of the sum paid as surety, which he afterwards did, and then brought an action against the administrator for the sum so paid.   *Held*, that the plaintiff's claim was not a debt created by the defendant's defalcation while acting in a fiduciary character within the provision of the U. S. Rev. Sts. § 5117, and was barred by the defendant's discharge in bankruptcy.

CONTRACT for money paid.   Trial in the Superior Court, before *Aldrich*, J., who directed a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*W. A. Gile*, for the plaintiff.

*F. A. Gaskill*, for the defendant.

MORTON, C. J.   The provision of the bankrupt act upon which the plaintiff relies is, that "no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged."   U. S. Rev. Sts. § 5117.   The debt which the defendant owed to the estate of Charles P. Nichols was undoubtedly within this provision, having been a debt created by his defalcation as administrator.   *Woodward* v. *Towne*, 127 Mass. 41.   So, if the sureties had merely paid the defalcation, the debt in their favor implied by law from such payment might not have been affected by the discharge of the defaulting bankrupt.   But both the debt owed to the estate and the debt implied in favor of the sureties were discharged. and extinguished by the transaction of July 25, 1876, to which all persons in interest, including the plaintiff, were parties.

By that transaction, all the persons interested in the estate of said Nichols released and discharged the defendant and his sureties from all claims against them.   In consideration of this, one of the sureties and the executrix of another surety each gave a

separate note payable in two years, with interest, to Peter C. Bacon, Esq., as trustee for those interested in the Nichols estate, for one half of the whole defalcation; at the same time the defendant gave his obligation under seal to reimburse and pay them the sums they had paid as sureties; and the plaintiff, who was the third surety, agreed to pay to each of them one third of the sum paid as surety. He afterwards paid to each one third of the amount paid by each, with interest, and this action is brought to recover of the defendant the sums thus paid.

The debt, if any, which the plaintiff has against the bankrupt, was not created by his defalcation as administrator. It has been held in several cases that, where a person having a debt, which is exempted from the operation of a discharge in bankruptcy or insolvency, voluntarily discharges it, by taking a promissory note for it, or by changing it from a simple contract to a judgment debt, he destroys the peculiar privileges which may attach to the original debt, as being fiduciary, or for necessaries, or exempted for other like causes. *Wolcott v. Hodge*, 15 Gray, 547, and cases cited. The case at bar cannot be distinguished from those cases. The sureties might have paid the amount of the defalcation, and relied upon the debt thereby implied by law against the principal, with all its privileges. They did not see fit to do so, but voluntarily made a new and different contract, thereby gaining time or other advantage, by which they discharged this debt. It no longer remained an existing debt, but the only obligation of the bankrupt was created by the new contract.

We are of opinion that the new debt cannot be considered as a debt created by the defalcation of the bankrupt while acting in a fiduciary character, and therefore exempt from the operation of a discharge in bankruptcy.          *Exceptions overruled.*