## *In re* BROCKWAY, Bankrupt.

(*District Court, S. D. New York.* April 28, 1882.)

1. PRACTICE—ADMISSION OF EVIDENCE ON FORMER TRIAL—BANKRUPTCY.

    The rules in regard to the reception of evidence taken upon a former trial are applicable to proceedings in bankruptcy upon two successive and independent petitions for a discharge, in reference to similar objections made by the same creditors. Both petitions, though independent, are parts of one bankruptcy proceeding.

2. BANKRUPTCY—SUCCESSIVE APPLICATIONS FOR DISCHARGE.

    The first petition by a bankrupt for his discharge having been denied, but not upon the merits, *held*, that upon a subsequent application and a hearing before the register thereon, upon the same objections first filed, that the testimony of a witness taken on the hearing under the first petition was competent evidence on the second proceeding, the witness having in the mean time died. *Held, also*, that the former testimony of another witness, whose death was not shown, nor his absence from the jurisdiction of the court certain, was not competent.

3. DISCHARGE, WHEN DENIED.

    The bankrupt having been engaged in the business of a brewer, and not having kept any cash-book or invoice-book or stock-book, and from such books as were kept it being impossible, even with the aid of any explanations which the bankrupt could or would give, to ascertain or explain satisfactorily the course, situation, or pecuniary result of his business, *held*, that the discharge must be denied.

Application for Discharge.

On January 21, 1871, Brockway was adjudicated a bankrupt on his own petition. On April 22, 1872, he filed a petition for a discharge from his debts, to which specifications of objections were filed, stating, among other things, that he had not kept proper books of account, with the requisite specification of particulars. After evidence taken upon these and other specifications before the register upon the merits, the application was brought to a hearing in this court on October 30, 1875, when the application was denied by *Blatchford*, J., on the sole ground that the application for a discharge had not been made within one year from the adjudication of bankruptcy, as required by the law then existing. Upon that proceeding before the register the books of the bankrupt were produced, and the evidence of two witnesses, Gordon and Speir, was taken in regard to them and their contents. Prior to the first application for a discharge the books, with other assets, had been sold under the order of the court, and purchased by one Leach, a sailor, without family, and a brother-in-law of the bankrupt. On April 21, 1879, the bankrupt filed his present renewed application for a discharge under the provisions of the law as amended. The same opposing creditor filed specifications of objections embracing the same objections in regard to the want of keeping proper books of account as before. The former testimony of Gordon and Speir, upon the previous application for a discharge, not being found on file, a stipulation was entered into between the parties that certain copies should stand in place of the originals; and evidence was also given that the books which had been produced upon the former hearing could not be found. The former testimony of Gordon and Speir was thereupon offered in evidence by the opposing creditor, under the stipulation, which was objected to by the bankrupt on the ground that the original, if produced, would not be competent upon this independent proceeding for a discharge. Numerous other objections were made to the discharge not considered by the court.

*M. H. Regensburger*, for bankrupt.

*Beach & Brown*, for opposing creditor.

BROWN, D. J. The issue raised by the specifications, so far as respects not keeping proper books of account, is the same as in the previous application for a discharge. The parties to the issue are also the same, and the proceeding for a discharge is in the same bankruptcy. The evidence of witnesses on the former trial of the same issue is therefore competent evidence upon this hearing, on proof that the witnesses are either dead or out of the jurisdiction. 4 Wall. 222; 12 How.

(U. S.) 576; 7 Pet. 272. An application for a discharge is a part of and continuation of one proceeding in bankruptcy commenced by the original petition. *In re Ankrim*, 3 McLean, 285, 289; *In re Farrell*, 5 N. B. R. 125.

Sufficient proof was given upon the present hearing before the register of the death or absence of Gordon to make his former testimony competent under the rule; and the stipulation given in this case makes the copy produced equivalent to the original testimony, which ought to have been on file under the former proceeding for a discharge. The testimony is not sufficient to show either the death of Speir or his absence beyond the jurisdiction of the court; and I do not, therefore, consider his former deposition. Sufficient evidence was given of the inability of the opposing creditor to produce the books (which I cannot doubt were practically under the control of the bankrupt after the purchase of them by the seaman, Leach, his brother-in-law) to admit secondary evidence. The testimony of Gordon on the former hearing being thus admissible upon this hearing, I am satisfied, upon examination, that it shows such a failure to keep proper books of account as should bar the bankrupt's discharge. There was no proper cash-book, nor proper stock-book; and Gordon, one of the assignees, a competent man, could not make out from them either the course, situation, or pecuniary result of the business; and, upon application to the bankrupt, he either could not, or would not, make explanation. More than half of the bankrupt's indebtedness proved consists of three items alleged to be owed to his wife, his brother, and his son; all alleged to be for debts connected with his business, and nowhere appearing on the books, as Gordon testifies. The books could not be balanced, and, in brief, they utterly failed to furnish any satisfactory account of the course and result of his business, such as is necessary to entitle a bankrupt to his discharge. Section 5110, subd. 7; *In re Frey*, 9 FED. REP. 376, 384.

On this ground the application should be denied.