E. H. VAN INGEN & another *vs.* THE JUSTICES OF THE MUNICIPAL COURT.

Suffolk.   March 12, 1896. — May 21, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Writ of Mandamus — Discharge in Insolvency — Action — Exemption from Arrest on Execution.*

The fact that a discharge was refused a debtor in earlier insolvency proceedings does not affect the operation of Pub. Sts. c. 157, § 83, in exempting the debtor from arrest after a later discharge on an application instituted by a creditor whose claim was provable under the earlier proceedings.

PETITION for a writ of mandamus, to command the justices of the Municipal Court of the city of Boston not to terminate the poor debtor proceedings of the petitioners against Frank T.

Mason, pending in that court, and not to order his discharge from arrest, and to continue his examination, as required by Pub. Sts. c. 162, § 38, and to continue to hear and determine the petitioners' charges of fraud, as required by Pub. Sts. c. 162, § 49.

The case was reserved by *Barker*, J., for the determination of the full court on agreed facts, which alleged that on January 1, 1891, Mason owed the petitioners, residents of the State of New York, about $1,500, which was then due and payable, for goods purchased in New York; that on May 9, 1891, Mason filed a petition in insolvency in the Court of Insolvency in the county of Middlesex; that the usual proceedings were had, and on January 14, 1892, the court entered a decree refusing a discharge to Mason; that some time thereafter the petitioners brought suit against Mason in the Superior Court in the county of Suffolk upon the aforesaid claim, and judgment was entered for the petitioners on January 7, 1895, and execution issued on January 11, 1895 ; that the petitioners made application to said Municipal Court for a certificate authorizing the arrest of Mason on the execution upon the charge specified in Pub. Sts. c. 162, § 17, cl. 5, that the debtor contracted the debt with an intention not to pay the same; that after the examination of Mason according to law the certificate of arrest was granted, and Mason was arrested on February 27, 1895; that on March 4, 1895, the debtor was sworn for examination on his application to take the poor debtor's oath, and the petitioners filed charges of fraud, as authorized by Pub. Sts. c. 162, § 49, to which the debtor pleaded not guilty ; that the case was then continued without any examination ; that the debtor, on March 27, 1895, filed a second voluntary petition in insolvency in the court of insolvency in said county of Middlesex; that the usual proceedings were had ; that the aforesaid judgment was unsatisfied and payable at the time of the first publication of the notice of issuing the warrant in said insolvent proceedings; that on October 28, 1895, the court decreed to Mason a discharge in the usual form ; that the petitioners did not prove in the last insolvency proceedings the debt or judgment on account of which Mason was arrested ; that on November 1, 1895, the debtor duly pleaded in the case in the Municipal Court his discharge in insolvency ; and that thereupon the presiding justice decided that the discharge in insol-

vency discharged the debtor from arrest and was a bar to further proceedings in the Municipal Court, and refused to examine the debtor and to permit the debtor to be examined therein, and refused to hear and determine the charges of fraud, and intimated his intention to order the proceedings terminated and the debtor discharged from arrest.

*H. W. Putnam,* ( *W. H. Brown* with him,) for the petitioners.

*B. M. Fernald,* for the respondents.

HOLMES, J.   The fact that a discharge has been refused in earlier insolvency proceedings in which the petitioners' claim was provable, does not affect the operation of Pub. Sts. c. 157, § 83, in exempting the debtor from arrest after a later discharge. The words of § 83 are express, that after a discharge in insolvency the debtor is forever exempt from imprisonment in any proceedings on account of a debt or demand provable against his estate.   " A debt or demand " means " any debt or demand," and is of universal application.

The section applies as well to debts which are not discharged by § 81 as to those which are discharged, — for instance, to foreign debts or debts for necessaries.   *Choteau* v. *Richardson,* 12 Allen, 365.   *Everett* v. *Henderson,* 150 Mass. 411, 413, 414. *Hall* v. *Justices of the Municipal Court,* 164 Mass. 155.   It follows that decisions as to the extent of a discharge under § 81 have no necessary bearing on the extent of the exemption from arrest under § 84.   See *Bennett* v. *Justices of the Municipal Court, ante,* 126.   It is settled, we suppose, that the refusal of a discharge not merely adjudicates that the debtor failed to pay fifty per cent of the claims proved, or to get the assent of his creditors, under § 86, but also exempts claims provable in the proceedings from discharge in later proceedings unless, actually proved in them.   *Fisher* v. *Currier,* 7 Met. 424.   *Gilbert* v. *Hebard,* 8 Met. 129.   *Whitney* v. *Willard,* 13 Gray, 203.   But such an adjudication determines nothing as to liability to arrest, and these cases merely add an implied exception to those which are expressed in § 81, whereas in § 84 there are no exceptions at all.

If it were necessary, this case could be decided on narrower ground.   The petitioners have taken judgment on their claim since the discharge was refused, and, according to the decisions,

when the judgment creditor lives in this State the judgment creates a new debt, with different incidents, and presumably for a different sum, as it probably includes costs, so that it would seem that *Whitney* v. *Willard* no longer applies.  *Bangs* v. *Watson*, 9 Gray, 211..  *Wolcott* v. *Hodge*, 15 Gray, 547, 548.  *Bradford* v. *Rice*, 102 Mass. 472, 473.  *Light* v. *Merriam*, 132 Mass. 283, 284.                          *Petition dismissed.*