JOSEPH F. DEAN vs. JUSTICES OF THE MUNICIPAL COURT
OF THE CITY OF BOSTON.

Suffolk.  April 1, 1899. — May 19, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Bankruptcy — Discharge — Effect of previous Refusal of Discharge in
Insolvency.*

The refusal of a discharge in insolvency does not necessarily withdraw the debts
with which it was concerned from the operation of a subsequent discharge in
bankruptcy.

PETITION for a writ of mandamus to compel the respondents
to proceed with the examination of a poor debtor, under Pub.
Sts. c. 162.  Hearing before *Hammond*, J., who, at the request
of the parties, reserved the case for the determination of the
full court.  The facts appear in the opinion.

*C. F. Eldredge*, for the petitioner.

*J. E. Eaton & E. T. McKnight*, for the respondents.

HOLMES, J.  This is a petition for a mandamus to the Jus-
tices of the Municipal Court of Boston, to compel them to pro-
ceed with the examination of a poor debtor arrested at the
suit of the petitioner, who has a judgment against him.  The
defence is a discharge in bankruptcy, granted on December 27,
1898.  The petitioner seeks to avoid the operation of the dis-
charge on the single ground that the debt due to him was not
proved in the bankruptcy proceedings, but was proved in pre-
vious insolvency proceedings in this State, and that in the in-
solvency case the debtor was refused a discharge on June 15,
1898.  The ground on which the discharge was refused does
not appear, so that the question is presented in the broadest and
most abstract form, whether the earlier refusal necessarily and
always, or at least presumptively and unless explained, with-
draws the debts with which it was concerned from the operation
of the later proceedings.

The language of the bankrupt act of U. S. St. July 1, 1898,
§ 17, is: " A discharge in bankruptcy shall release a bankrupt
from all of his provable debts, except " certain cases of which this

is not one. We see no reason for cutting the meaning down, however we might construe the words if the refusal of a discharge were an adjudication that the provable debts should not be discharged, as intimated by Shaw, C. J., in *Fisher* v. *Currier*, 7 Met. 424, 428. See *Gilbert* v. *Hebard*, 8 Met. 129, 131; *Whitney* v. *Willard*, 13 Gray, 203, 205, 206; *Van Ingen* v. *Justices of the Municipal Court*, 166 Mass. 128, 130. When the discharge was refused only for fraud or similar misconduct of the debtor, no doubt the dicta, if not the decisions, were strongly in favor of treating the refusal as an adjudication against the debtor once for all. This seems to have been Judge Lowell's understanding of the bankrupt act of 1867, as well as of the Massachusetts cases. *Re Drisko*, 2 Lowell, 430, 432. See *In re Binko*, 2 Morrell, 45, 48.

But since 1848, at least, the refusal of a discharge in insolvency may be an adjudication, not upon the quality of the debts proved, but upon the present standing of the debtor. It may mean simply that his assets have not paid more than fifty per cent of the proved claims, and that he has not been able to get an assent to his discharge from a majority in number and value of the creditors who have proved. Pub. Sts. c. 157, § 86. Gen. Sts. c. 118, § 81. St. 1848, c. 304, § 9. See St. 1844, c. 178, § 4. There seems to be no reason why those facts should prevent his paying more at a later date and getting a discharge, or why a refusal of discharge based merely upon his disability should estop him forevermore, as by a judgment of disqualification. See *In re Farrell*, 5 Nat. Bank. Reg. 125. In the agreed facts it is stated that no assets ever came to the hands of the assignee in insolvency, so that it is a fair conjecture that this case is of the kind supposed. At all events it may be of that kind, and there is no presumption that the discharge was refused on account of fraud rather than of disability.

The case of *Whitney* v. *Willard*, 13 Gray, 203, was decided in 1859, after the legislation to which we have referred. But it was assumed, without noticing the later statute, that the case was within the authority of *Gilbert* v. *Hebard*, 8 Met. 129, decided in 1844. Perhaps this was right in view of the suggestion that there the discharge was refused because of an attempt to give a preference. 13 Gray, 205, 206. *Van Ingen* v. *Justices*

*of the Municipal Court,* 166 Mass. 128, 130, simply sums up the earlier cases for the purpose of distinguishing them, but leaves the law where it finds it, with a suggestion of what we now decide.

The last clause of the bankrupt act, " Proceedings commenced under State insolvency laws before the passage of this act shall not be affected by it," seems to us to have nothing to do with the question.   Whatever effect may be given to the discharge in bankruptcy, it does not affect the finished insolvency proceedings.                              *Petition denied.*