In re CLAFF.

(District Court, D. Massachusetts. November 1, 1901.)

No. 3,543.

BANKRUPTCY—DISCHARGE—NEW PROCEEDINGS AFTER REFUSAL OF DISCHARGE.
    A bankrupt who has been refused a discharge is not debarred from filing a second petition, and obtaining a discharge thereunder, and such discharge, when granted, will be made general, leaving its effect as to debts proved under the first petition, but not under the second, to be determined whenever the occasion may arise.

In Bankruptcy.

Philip Tworoger, for bankrupt.

LOWELL, District Judge. Claff was adjudicated bankrupt in 1899 upon a voluntary petition. His discharge was refused for fraudulent concealment of assets. In 1900 he filed a second petition, and seeks a discharge thereunder. That his discharge under the second petition, if obtained, will be no bar to a suit upon a debt sched-

uled under the first commission, and not proved under the second, seems clear. Gilbert v. Hebard, 8 Metc. (Mass.) 129; In re Drisko, 2 Low. 430, Fed. Cas. No. 4,090. See Dean v. Justices, 173 Mass. 453, 53 N. E. 893. But this fact does not prevent the bankrupt from filing a second petition, or from getting a discharge thereunder, for whatever the discharge may be worth. In re Drisko, above cited. The discharge is granted, and no exception will be made therein of debts scheduled under the earlier commission. It is more convenient to make the discharge a general one, and to leave its effect to be determined by subsequent proceedings. In re Marshall Paper Co., 43 C. C. A. 38, 102 Fed. 872, and cases cited; In re Black (D. C.) 97 Fed. 493.