### In re FEIGENBAUM.*

(District Court, S. D. New York. January 16, 1902.)

**BANKRUPTCY—PARTNERSHIP—EFFECT OF DENIAL OF DISCHARGE.**

The fact that a partnership has been adjudicated a bankrupt, and the partners have been denied a discharge in such proceedings, does not preclude one of the partners from filing an individual petition, although he schedules the same debts and the same assets.

In Bankruptcy. On motion to dismiss proceedings.

The copartnership firm of P. Feigenbaum & Son, composed of Philip Feigenbaum and Harry Feigenbaum, filed a petition in bankruptcy in May, 1899. In 1900, after certain proceedings had been had therein, their discharge was denied. Within a few months thereafter, Harry Feigenbaum filed his individual petition in bankruptcy, setting forth the same debts and the same assets.

The creditors formally objected to his discharge, obtained an order to show cause why the proceedings should not be dismissed, urging the former proceedings as res adjudicata.

Noble & Camp, for creditors.
Ignace I. Apfel, for bankrupt.

ADAMS, District Judge. My attention has not been called to any authority preventing the bankrupt from pursuing the present proceeding (see sections 4 and 59 of Act July 1, 1898, c. 541, 30 Stat. 547, 561 [U. S. Comp. St. 1901, pp. 3423, 3445]; In re Claff, 7 Am. Bankr. Rep. 128, 111 Fed. 506), nor do I see any reason for the substitution of the referee. The stay will be vacated and the proceedings may continue before the present referee. Testimony taken in the former proceeding may be used in this. The question whether the discharge will be granted may be presented hereafter.