# MONMOUTH COUNTY ELECTRIC COMPANY

*v.*

## THE TOWNSHIP OF EATONTOWN, IN THE COUNTY OF MONMOUTH.

[Decided October 2d, 1908.]

1. Allegations, in a bill to restrain the entry of a final judgment and the issuance of execution thereon as to various errors of law committed by the judge trying the cause without a jury, must be disregarded.

2. Equitable estoppels are cognizable at law and in equity, and where the conduct of plaintiff, in an action of law alleged to constitute an equitable estoppel precluding a recovery, is as capable of investigation by a jury, under the direction of the law court, as by an equity judge, the defence is available at law.

3. A defendant, whose equitable estoppel has been erroneously disregarded by a court of law, need not take a writ of error but he may come into equity to have his estoppel recognized and tried, and thereupon the inability of the law court to take cognizance thereof is *res adjudicata* between the parties.

4. Where, in an action at law, evidence establishing an equitable estoppel precluding a recovery was presented, though not pleaded, and there was nothing to show that the court would not take cognizance of the defence and adjudicate on it, defendant could not maintain a bill to restrain the entry of the judgment against him, but his remedy was by writ of error.

On motion for injunction. Heard on bill, answer and affidavits.

*Mr. John M. Enright,* for the motion.

*Mr. James Steen, contra.*

STEVENSON, V. C.

My conclusion is that no case is made out for a preliminary injunction.

The bill is filed to restrain the defendant from entering final judgment against the complainant in the Monmouth county cir-

cuit court, upon a finding of the judge of that court, who tried the cause by consent without a jury, and from issuing execution or taking any action or proceeding for the recovery of the amount found by the court to be due. A great deal contained in the bill appears to be directed toward the exhibition of various alleged errors of law committed by the learned judge who tried and decided the cause in the law court. All such allegations, of course, must be disregarded.

The *first* question is whether the complainant shows that it has an equitable defence which could not be pleaded and proved in the action at law. The only suggestion of any defence cognizable in equity is the defence of an equitable estoppel.

It is well settled that equitable estoppels at the present time, as a general rule, are cognizable at law as well as in equity. *2 Pom. Eq. 802; Ruckelschaus* v. *Oehme, 48 N. J. Eq.* (*3 Dick.*) *436, 443; Kronson* v. *Lipschitz, 68 N. J. Eq.* (*2 Robb.*) *367.* No pretence is made that this is a peculiar and complicated case where equity ought to intervene and transfer the trial of the equitable estoppel, which, of course, involves the trial of the whole cause, from the law court to this court in accordance with the procedure which was approved by the court of errors and appeals in *Society* v. *Lehigh Valley Railroad Co., 32 N. J. Eq.* (*5 Stew.*) *329.* The conduct of the defendant, the plaintiff in the legal action, which it is argued, constitutes an equitable estoppel prohibiting the defendant from enforcing the claim which it advanced in its law suit, seems to be extremely simple and fully as capable of investigation and comprehension by a jury under the direction of a law court as by an equity judge.

Nor is this a case where the equitable estoppel has been erroneously excluded from consideration by the law court in the mistaken belief that such defence was cognizable only in equity. *Borcherling* v. *Ruckelschaus, 49 N. J. Eq.* (*4 Dick.*) *340; Headley* v. *Leavitt, 65 N. J. Eq.* (*20 Dick.*) *748, 755.* In such case the party whose equitable estoppel has been erroneously disregarded in the law court is not obliged to take a writ of error, but may come into a court of equity to have his equitable estoppel recognized and tried, and thereupon the inability of the law court to take cognizance of the equitable estoppel will be deemed *res adjudicata* between the parties.

In the present case the equitable estoppel was not specially pleaded. If such a defence cannot be proved under the general issue, the complainant has merely lost its case at law because of the inadequacy of its pleadings, a predicament in which parties to law suits frequently find themselves. If, however, the complainant's equitable estoppel was available under its pleadings in the law suit, then it follows either that the law court erroneously held that it could not take cognizance of an equitable estoppel or adjudicated either erroneously or correctly that the equitable estoppel was not in point of fact established by the proofs. Evidence tending to establish the alleged equitable estoppel was plainly presented to the law court in this case. There is absolutely no indication in the motion papers in this cause that the learned judge of the Monmouth circuit court erroneously held that he could not take cognizance of the defendant's alleged equitable estoppel. If the defence in question was presented to the law court by the pleadings, the presumption is that the law court held that such defence was not established. It is unnecessary to point out that this court will not review the decision of the law court in regard to that matter. The bill in describing the course of the action in the circuit court sets forth certain contentions of the complainant before that court, one of which was that the conduct of the defendant, the plaintiff in the law court, set forth in the bill, constituted an estoppel which barred the defendant from any recovery. The bill then alleges that the court "overrules such contention in an opinion or finding" a copy of which opinion is annexed to the bill. In the opinion, or finding above referred to, the court considers the claim of estoppel and holds that it cannot be sustained for reasons which are stated. While this opinion of the law court subsequently was substituted by another, which I understand does not refer to the claim of estoppel, the fact still remains that there is no evidence in this case that if this equitable estoppel was properly presented by the pleadings and the evidence to the law court for its determination that court did not take cognizance of it and adjudicate upon it. It seems to me quite clear that if the complainant will suffer any injustice by the entry and enforcement of the judgment against it in the Monmouth circuit court, its remedy is by writ of error.