## C. B. YOUNGMAN v. FREDERICK E. SALVAGE.

(130 N. W. 930.)

**Bankruptcy — Discharge — Effect of Second Bankruptcy Discharge on Former Discharge.**

> A refusal of a discharge in bankruptcy is *res judicata* as to the right to discharge as to all claims scheduled and provable against the estate of the bankrupt. But where several years later second proceedings in bankruptcy are instituted by such bankrupt, and such claims are therein scheduled, it is the duty of the creditor who desires to rely on such former adjudication to plead the same, or otherwise call it to the attention of the bankruptcy court; and if he fails to do so, and a general discharge is granted in the second proceedings, the state court must give effect thereto in any proceeding thereafter brought to enforce the payment of such claim.

Opinion filed March 13, 1911.

Appeal from District Court, Cass county; *Charles A. Pollock,* Judge.

Action by C. B. Youngman against Frederick E. Salvage. From a certain order, plaintiff appeals.

Affirmed.

*Robert M. Pollock* and *L. L. Twichell,* for appellant.

The effect of a discharge in bankruptcy is determinable by the proper tribunal before which collection of a debt is sought. Re McCarty, 111 Fed. 151; Re Marshall Paper Co. 43 C. C. A. 38, 102 Fed. 872; Re Thomas, 92 Fed. 913; Re Claff, 111 Fed. 506; Re Rhutassel, 96 Fed. 597; Re Mussey, 99 Fed. 71.

Discharge or refusal of discharge in one proceeding in bankruptcy

is *res judicata* as to a second proceeding, the claimant not having ap-
peared in the latter.   Re Claff, 111 Fed. 506; Kuntz v. Young, 65·
C. C. A. 477, 131 Fed. 719; Gilbert v. Hebard, 8 Met. 131; Re Bram-
lett, 161 Fed. 588; Re Kuffler, 80 C. C. A. 508, 151 Fed. 12.

*Engerud, Holt, & Frame,* for respondent.

Order of discharge clears the bankrupt from all provable debts,
whether proved or not.   Section 17, bankruptcy act; Crawford v.
Burke, 195 U. S. 176, 49 L. ed. 147, 25 Sup. Ct. Rep. 9.

A discharge is from all debts not excepted by the bankruptcy act,
and includes no other.   Re United Button Co. 140 Fed. 501; United
States ex rel. Adler v. Hammond, 44 C. C. A. 229, 104 Fed. 862;
Crawford v. Burke, supra.

The lower court was wrong in holding bankrupt entitled to discharge
in second proceeding in bankruptcy, and leaving its effect on debts
proved under the first to be determined in subsequent proceedings in
other courts.   Gilbert v. Hebard, 8 Met. 129; Fisher v. Currier, 7
Met. 424; Kuntz v. Young, 65 C. C. A. 477, 131 Fed. 719; Re Drisko,
2 Low. Dec. 430, Fed. Cas. No. 4,090; Re Kuffler, 80 C. C. A. 508,
151 Fed. 12; Re Fiegenbaum, 57 C. C. A. 409, 121 Fed. 69; Re·
Bramlett, 161 Fed. 588.

FISK, J.   The facts necessary to an understanding of the question
involved on this appeal are not in dispute, and briefly stated are as·
follows:

In April, 1900, appellant duly recovered a judgment against respond-
ent in a justice court of Cass county for the sum of $206.80, which
judgment was thereafter, and on July 5, 1900, duly transcripted and
docketed in the office of the clerk of the district court of such county,
where it still remains unsatisfied of record.   In January, 1902,
respondent filed in the office of the clerk of the United States district
court in and for the district of North Dakota his petition in due form,
praying to be adjudged a bankrupt, and at the same time filed with
such clerk in due form his schedule of assets and liabilities, and among·
the liabilities thus scheduled was the judgment aforesaid.   In due·
time said court made its order and judgment that the petition of re-
spondent praying for a discharge from his debts and liabilities be
denied, and such discharge as a bankrupt refused for reasons stated.

In May, 1906, respondent filed his second petition in such court,

praying to be adjudged a bankrupt, and also at such time filed his schedule of assets and liabilities as required by law, including in such schedule the judgment aforesaid. Appellant did not prove his said claim nor present the same in such second bankruptcy proceedings, nor did he take any part therein whatsoever. Thereafter, and on July 30, 1906, the said district court of the United States in due form made its order and judgment, wherein it adjudged that respondent be discharged from all debts and claims which were made provable by the bankruptcy acts of the United States, existing at the date of filing such second petition in bankruptcy, excepting such debts as were by law excepted from the operation of a discharge in bankruptcy.

Thereafter, and in the month of September, 1909, appellant caused execution to issue on such judgment, under which execution the sheriff levied upon certain real property of respondent's. Thereupon the district court of Cass county, on application of respondent, and on due notice to appellant, made its order to the effect that the discharge in bankruptcy secured as aforesaid operated to discharge respondent from liability on account of such judgment.

This appeal is from the order thus made, and the sole question for determination is the correctness thereof.

Appellant's contention, in brief, is that the right of the bankrupt to be discharged from such debt was fully adjudicated in the first bankruptcy proceedings, and that the judgment therein denying such discharge is *res judicata,* and that appellant may, in this proceeding, urge such former adjudication in bar of respondent's claim that he was discharged from such debt by the adjudication in such second bankruptcy proceedings. In other words, it is his contention that the judgment in question was, in legal operation, excepted from the discharge in the second bankruptcy proceedings, although such debt is not included within the debts expressly excepted from such discharge under the provisions of § 17 of the bankruptcy act. (Act July 1, 1898, chap. 541, 30 Stat. at L. 550, U. S. Comp. Stat. 1901, p. 3428.)

Counsel for appellant concede that the form of discharge in the second bankruptcy proceedings is the one prescribed by the Supreme Court of the United States, and that the debt represented by appellant's judgment is not expressly excepted under the provisions of the discharge, nor does it fall within the debts excepted from such discharge under the provisions of § 17 of the bankruptcy act aforesaid. Counsel

for appellant very properly assert that the right to a discharge and the effect of a discharge are wholly distinct propositions, and, as was held by the court in Re Marshall Paper Co. 43 C. C. A. 38, 102 Fed. 872: "The proper time and place for the determination of the effect of a discharge is when the same is pleaded or relied upon by the debtor as a defense to the enforcement of a particular claim. The issue upon the effect of a discharge cannot properly arise or be considered in determining the right to a discharge." In other words, the power rests with the bankruptcy court to determine the right to a discharge, but the court whose jurisdiction is invoked for the collection and enforcement of a debt claimed to have been discharged possesses the exclusive right to determine the effect of such discharge. This being true, it logically follows that the plea of former adjudication should have been interposed in the second proceedings in the bankruptcy court, that court have the sole jurisdiction to determine such question. Manifestly, the state court has no jurisdiction to determine the right to such discharge, and consequently cannot determine the question of former adjudication. Being restricted to the right to determine the effect of such discharge, the state court must look alone to the judgment of discharge in the bankruptcy court, and give effect thereto according to the plain provisions of the bankruptcy act.

As before stated, the discharge is in the form prescribed by the Supreme Court of the United States, and is as follows:

"Whereas, Frederick E. Salvage, of Wheatland, in said district, has been duly adjudged a bankrupt, under the acts of Congress relating to bankruptcy, and appears to have conformed to all the requirements of law in that behalf, it is therefore ordered by this court that said Frederick E. Salvage be discharged from all debts and claims which are made provable by said acts against his estate, and which existed on the 9th day of May, 1909, on which day the petition for adjudication was filed by him; excepting such debts as are by law excepted from the operation of a discharge in bankruptcy." The language of such order is very explicit and susceptible of but one meaning. It discharges respondent from all debts and claims which are provable by the bankruptcy acts against his estate, existing at the date the petition in bankruptcy was filed, and excepting only such debts as are by law excepted from the operation of a discharge in bankruptcy. That the debt represented by the judgment in question was provable in the

second bankruptcy proceedings is not controverted by appellant, nor is such fact open to question under the provisions of § 63-A-1, bankruptcy act. Being a provable claim, is it such a debt as is excepted by law from the operation of the discharge? Section 17 of the bankruptcy act is clear and specific, and enumerates the only provable debts which are excepted from such discharge, as follows: Such as,

1. Are due as a tax. . . .

2. Are liabilities for obtaining property by false representations, or wilful and malicious injuries to the person or property of another, or for alimony due or to become due, or for maintenance or support of a wife or child, or for seduction of an unmarried female, or for criminal conversation;

3. Have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; or

4. Were created by his fraud, embezzlement, misappropriations, or defalcations, while acting as an officer or in a fiduciary capacity.

It is not contended that the debt in question falls within any of the above enumerated exceptions, but counsel for appellant contend, in effect, that there should be added to the above statutory exceptions, claims presented in prior bankruptcy proceedings regarding which the bankruptcy court has refused to grant the debtor a discharge. In other words, they argue that under the doctrine of *res judicata,* such claim is by law excepted from the operation of the discharge. The fallacy of such contention is apparent. As before stated, appellant is seeking to urge such doctrine of former adjudication in the wrong tribunal.

As lending support to our views, see 2 Remington on Bankruptcy, §§ 2438, 2664, 2666, 2680; 3 Id. § 2438; Bluthenthal v. Jones, 208 U. S. 64, 52 L. ed. 390, 28 Sup. Ct. Rep. 192, affirming 51 Fla. 396, 13 L.R.A.(N.S.) 629, 120 Am. St. Rep. 181, 41 So. 533; Pollet v. Cosel, 30 L.R.A.(N.S.) 1164, 179 Fed. 488, 103 C. C. A. 68, Re Kuffler, 80 C. C. A. 508, 151 Fed. 12; Kuntz v. Young, 65 C. C. A. 477, 131 Fed. 719; Dean v. Boston Municipal Ct. Justices, 173 Mass. 453, 53 N. E. 893.

Mr. Remington in his valuable treatise above cited makes a very clear and correct statement of the rule as follows:

"Where the debts in the subsequent bankruptcy are in part the

same as in the first bankruptcy, and in part are different, a difficult question arises as to the operation of the refusal of the discharge in the first proceedings. The bankrupt undoubtedly has a right to apply for discharge from the new debts, and the new creditors may have no ground for barring him therefrom. But should the exercise of that right entail upon the old creditors a relitigation of the entire subject of discharge? The former refusal of discharge is not available as a statutory bar to the new discharge, for it is only the granting of a discharge (and in voluntary proceedings within six years) that is a bar. Moreover, the acts which barred the first discharge were committed in another bankruptcy than the present, and probable are not urgeable in the present bankruptcy. At the same time, the debts of the old creditors are still 'provable' in the second bankruptcy, and hence are dischargeable thereby. What, then, is the course to be pursued? There are two possible courses open. Either the old creditor may urge *res judicata* in reply to the bankrupt's defense of discharge when the old creditor resorts to legal proceedings to enforce his claim against the bankrupt; in which event, however, it might rightly be contended that the debt was provable in the second bankruptcy, and was not one of those excepted from the operation of discharge, and hence was discharged by the second bankruptcy, even if not by the first bankruptcy.

"Or, on the other hand, the court, in its order of discharge in the second bankruptcy, might expressly except all debts provable in the first bankruptcy wherein discharge had been refused, although, to be sure, power to make exceptions in orders of discharge is doubtful.

"The latter seems to be the proper course; for the defense is the defense of *res judicata* as to the right to a discharge itself, and not as to the dischargeability of the particular debt. Were the debt not provable, or were it one of those excepted from the operation of discharge by § 17 of the act, it would be proper to wait until it was sought to enforce the debt, then to urge that it was not within those debts enumerated as dischargeable; but, on the contrary, it is in fact provable, and was not excepted, and therefore is discharged unless the decree of discharge itself is limited." 2 Remington, Bankruptcy, § 2438.

"The decree of discharge should be general, and should not attempt to limit its effect by excepting particular debts excepted by statute from the operation of discharge; but where the right itself to a discharge

has already been denied in a former bankruptcy, the discharge decree may except the old debts, because of res judicata." Id. § 2664.

"Nevertheless, where it is not the effect of a discharge on a particular debt that is involved, but rather the right itself to a discharge, and where such right exists as to some creditors, and not as to others, as in cases of former denial of discharge, the court undoubtedly may give effect to the *res judicata* by excepting debts provable under the former bankruptcy. Otherwise such debts, being likewise provable under the present bankruptcy, would be discharged by the present discharge, and the former adjudication be defeated." Id. § 2666.

"It has been held that the refusal of a discharge is *res judicata* as to all provable claims under the bankruptcy; and that subsequent new proceedings in bankruptcy do not affect them.

"But while it is true that the former refusal is *res judicata,* yet it is *res judicata* as to the right to discharge, rather than as to the dischargeability of the particular debt, and so a defense to the petition for discharge, rather than an exception to be pleaded after the discharge has been granted. The question is: 'Has the bankrupt a right to renew his application for a discharge from the old debts whose discharge has once been denied ?' rather than, 'Does the new discharge make exception of these still provable debts ?' It would seem perilous, indeed, for the creditors under the old bankruptcy to permit a later general decree of discharge to be entered in the new proceedings, and to rely then upon a *res judicata* which was never presented as a bar to the petition itself." Id. § 2680.

And in volume 3 it is said: "If the creditor takes no steps to have the discharge decree provide for an exception of his claim, he will be bound and the debt be discharged."

The foregoing views are fully supported by the United States Supreme Court in the recent case of Bluthenthal v. Jones, 208 U. S. 64, 52 L. ed. 390, 28 Sup. Ct. Rep. 192. Among other things the court holds that it is the duty of the creditor who relies upon the former adjudication to plead the same, or in some manner bring it to the attention of the court in the second bankruptcy proceedings, and that where he fails to do so, and a general discharge is granted, such creditor's claim is barred thereby.

We are forced to the conclusion that the discharge, being general in its terms, operated to release respondent from liability under such judg-

ment, and hence the order appealed from was correct, and the same is accordingly affirmed.

All concur, except MORGAN, Ch. J., not participating.