HELEN SWANSON, PLAINTIFF, v. WILLIAM F. PLOWFIELD, DEFENDANT.

Decided May 13, 1943.

For the plaintiff, *Louis J. Greenberg.*

For the defendant, *Albert B. Melnik.*

ACKERSON, S. C. C.   Plaintiff, as assignee, sues upon a confessed judgment entered by her assignor, Jacques & Co., Inc., against defendant in the Supreme Court of New York

on April 22d, 1940, pursuant to a statement of confession dated March 20th, 1939.

Defendant's answer consists of two defenses. The first of these is a general denial. The second alleges the discharge of the debt in bankruptcy on February 20th, 1940, for that, although the debt was not scheduled in said proceedings, nevertheless, the plaintiff's assignor had full knowledge of such proceedings before the discharge and before the time limited for filing proofs of claim had expired, but took no steps to object to the discharge and, therefore, he and his assignee, the present plaintiff, are bound thereby.

In reply to this second defense the plaintiff filed a pleading consisting of four separate replies. The first being a general denial, and the other three being based upon the doctrine of *res adjudicata* or estoppel by judgment in that the question presented by defendant's aforesaid second defense is alleged to have been disposed of as the result of certain proceedings undertaken subsequent to the discharge in bankruptcy therein mentioned. The defendant has rejoined with a general denial.

Plaintiff now moves to strike defendant's said rejoinder (general denial) as sham.

Before proceeding to deal specifically with the questions presented by this motion it will be helpful to notice that the debt represented by plaintiff's judgment was scheduled in prior bankruptcy proceedings initiated by defendant in 1932 in which no discharge was granted, and in the later proceedings referred to in defendant's aforesaid second defense, initiated in 1939, this claim was not scheduled. The debt, however, is a provable one under the Bankruptcy Act (30 *Stat.* 544, 550; 11 *U. S. C. A.*, §§ 1, *et seq.*). The provable debts which are excepted from a discharge by virtue of the express provisions of said act are set forth in six distinct classes in section 17 (30 *Stat.* 550, § 17; 11 *U. S. C. A.*, § 35). The debt in question does not fall within any of these excepted classes, unless it be the third, which class is defined as debts which "have not been duly scheduled in time for proof and allowance, * * *, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." So, in so far as the express provisions of the bankruptcy

statute are ·concerned, the debt here in question, not having been scheduled, was not discharged if the creditor, plaintiff's assignor, had no notice or actual knowledge of the pendency of the second bankruptcy proceedings.

Aside from the statute, however, it is a well settled rule of the bankruptcy courts, that the denial of a discharge; failure to apply for a discharge within the time allowed by the act (30 *Stat.* 550, § 14; 11 *U. S. C. A.,* § 32(a)); withdrawal of the application, or the bankrupt's action in permitting dismissal of the application, will bar the bankrupt from obtaining in later bankruptcy proceedings a discharge from the provable debts scheduled therein which were scheduled in the former proceedings, provided timely objection to the discharge thereof is raised in the later proceedings. *Bluthenthal* v. *Jones,* 208 *U. S.* 64; 28 *S. Ct.* 192; 52 *L. Ed.* 390; 13 *L. R. A. (N. S.)* 629, and note; *Kuntz* v. *Young,* 131 *Fed. Rep.* 719; *In re Weintraub,* 133 *Id.* 1000; *In re Kuffler,* 151 *Id.* 12; *In re Pullian,* 171 *Id.* 595; *Pollet* v. *Cosel,* 179 *Id.* 488; 30 *L. R. A. (N. S.)* 1164; *In re Schwartz,* 248 *Fed Rep.* 841; *In re Bishop,* 13 *Fed. Supp.* 905; *In re Summer,* 107 *Fed. Rep.* (*2d*) 396. A bankrupt's failure to apply for his discharge is equivalent to the denial thereof. *Kuntz* v. *Young, supra; In re Weintraub, supra.*

The basis for the above mentioned rule is the doctrine of *res adjudicata.* It is apparent, therefore, that the bar—the non-dischargeability of such a debt—is not self-operative, as in the case of the classes of· debts excepted from a discharge by the statute (30 *Stat.* 550, § 17; 11 *U. S. C. A.,* § 35), and its non-dischargeability must be raised in the later bankruptcy proceedings, if the debt is scheduled therein. Otherwise the debt, because of its character—being provable in the later proceedings, and not one excepted by.the express terms of the statute itself from the operation of the discharge—would be barred by the discharge. *Bluthenthal* v. *Jones, supra; In re Bacon,* 193 *Fed. Rep.* 34, *certiorari* denied; *Bacon* v. *Buffalo Cold Storage Co.,* 225 *U. S.* 701; 32 *S. Ct.* 836; 56 *L. Ed.* 1264; *Youngman* v. *Salvage,* 21 *N. D.* 317; 130 *N. W. Rep.* 930; *In re Zeiler,* 18 *Fed. Supp.* 539; *In re Cooper,* 236 *Fed. Rep.* 298.

It is important, therefore, to observe that the right to a discharge as set forth in section 14 of the Bankruptcy Act (30 *Stat.* 550, § 14; 11 *U. S. C. A.,* § 32) and the effect thereof as set forth in section 17 of said act (30 *Stat.* 550, § 17; 11 *U. S. C. A.,* § 35) are distinct and separate propositions. The court of bankruptcy determines the right to and issues the discharge, but the effect thereof is to be passed upon exclusively in the court in which the discharge may be pleaded. *Teubert* v. *Kessler,* 296 *Fed. Rep.* 472; *In re Bernard,* 280 *Id.* 715; *Youngman* v. *Salvage, supra.* This proposition was modified to a liimted extent in the later case of *Local Loan Co.* v. *Hunt,* 292 *U. S.* 234; 54 *S. Ct.* 695; 78 *L. Ed.* 1230, so as to permit the bankruptcy court to determine the effect of a discharge in a case presenting unusual and special circumstances involving equitable considerations, such as the inadequacy of the remedy in the law courts, &c. Nevertheless, it still remains true that generally the effect of a discharge is to be raised exclusively in the court in which the discharge may be pleaded. *In re Devereaux,* 76 *Fed. Rep.* (*2d*) 522.

*In re Zeiler,* 18 *Fed. Supp.* 539, is illustrative of the class of cases involving unusual and special circumstances within the rule laid down in *Local Loan Co.* v. *Hunt, supra.* There a debt scheduled in former bankruptcy proceedings, where no discharge had been obtained, was again scheduled in later proceedings and discharged because of the inadvertent failure of the creditor to raise the defense of former adjudication. Upon timely application, after the discharge in the later proceedings, the bankruptcy court permitted an amendment of the discharge to exclude this claim. The special circumstance there present was the fact that the claim was scheduled in the later proceedings, and, being a provable claim, a general discharge, occasioned through the inadvertence of the creditor, would bar the collection of the claim in another court which must look alone to the judgment of discharge in the bankruptcy court, and give effect thereto according to the plain provisions of the Bankruptcy Act, since the debt is not one of a class which, on its face, is excepted from a discharge by the statute (30 *Stat.* 550, § 17; 11 *U. S. C. A.,*

§ 35). *Youngman* v. *Salvage,* 21 *N. D.* 317; 130 *N. W. Rep.* 930; *Bluthenthal* v. *Jones,* 208 *U. S.* 64; 28 *S. Ct.* 192. Hence the bankruptcy court alone could except such a debt from the operation of the discharge by belated application, upon equitable considerations, of the doctrine of *res adjudicata.* *Local Loan Co.* v. *Hunt, supra.* The court in which the debt is later sought to be collected could not determine the question of former adjudication. *Youngman* v. *Salvage, supra.*

However, when such a debt is not scheduled in the second bankruptcy proceedings, the discharge does not affect it because it has become, on the face of the proceedings, one of a class excepted from the operation of the discharge by virtue of section 17 of the act, unless the creditor had timely notice or actual knowledge of the pendency of the proceedings (30 *Stat.* 550, § 17; 11 *U. S. C. A.,* § 35 (third)). Whether he did have such notice or knowledge goes solely to the effect of the discharge, and involving no equitable considerations, does not present an exception to the general rule that such effect is solely for the determination of the court in which the debt is later sought to be collected.

With these principles in mind we turn to the consideration of the present motion.

Plaintiff's second separate reply to defendant's second defense (discharge in bankruptcy by reason of notice or knowledge of the pendency of the second proceedings) is to the effect that the defendant, subsequent to the aforesaid discharge, applied to the Supreme Court of New York (August 20th, 1940) to vacate the confessed judgment entered therein on April 22d, 1940, which judgment is the subject of the present action, and which application was denied September 6th, 1940, denial affirmed by the Appellate Division of that court on December 13th, 1940. That by virtue thereof said court has judicially determined that said judgment is excepted from the aforesaid discharge granted on February 20th, 1940. The argument is that defendant's failure, in his aforesaid application to vacate said judgment, to urge the aforesaid discharge in bankruptcy as a means to that end now precludes him from relying thereon.

Plaintiff has produced on this motion an exemplified copy of the opinion of the Justice of the Supreme Court of New York on the above application, but nothing has been produced to show that any order or judgment has been signed or entered thereon. The opinion of the court possesses no efficacy as a bar, however, unless an order or judgment is actually entered thereon. *Rosenbaum* v. *Garrett*, 57 *N. J. Eq.* 186, 190; 41 *Atl. Rep.* 252; 34 *C. J.* 767, § 1182 and *p.* 888, § 1296; *Flanagan* v. *Lazerine*, 175 *Mo. App.* 188; 157 *S. W. Rep.* 824.

However, it appears from said opinion that the application to the New York court was to "vacate" its judgment because of defects in the confession on which it was entered, not to bar its enforcement by reason of subsequent occurrences. The effect of a discharge in bankruptcy is not to extinguish a debt covered thereby, but simply to bar all subsequent legal proceedings for its enforcement. 1 *Collier on Bankruptcy* (*14th ed.*), §§ 17, 27; *Villar & Co.* v. *Conde* (1 *Cir.*), 30 *Fed. Rep.* (*2d*) 588; 13 *Am. B. R.* (*N. S.*) 532; *Winter* v. *Hinden*, 35 *Del.* 294; 136 *Atl. Rep.* 280; 9 *Am. B. R.* (*N. S.*) 359. Obviously the New York court, upon the motion before it, could not pass upon the effect of such discharge upon said judgment. That would be the prerogative of the court in which the judgment is sought to be enforced.

Defendant's denial of plaintiff's second separate reply is not, therefore, sham.

Plaintiff's third separate reply, the allegations of which are denied by defendant's rejoinder, is to the effect that on June 24th, 1940, the defendant applied to the referee in bankruptcy to "vacate" his aforesaid discharge in bankruptcy and to "amend the bankruptcy schedules" so as to include therein as a creditor, the plaintiff's assignor, which application was denied by an order dated September 6th, 1940, the referee "holding that the debt of the plaintiff and her assignor is non-dischargeable." The order was affirmed by the Judge of the United States District Court for the District of New Jersey on October 24th, 1940. Therefore, it is alleged that the judgment which is the subject-matter of the present action is, in effect, excepted from the discharge granted on February

20th, 1940, and, by reason of the denial of defendant's said application, he is now precluded from maintaining that the plaintiff is barred from recovery against the defendant by virtue of the aforesaid discharge.

Plaintiff has produced duly certified copies of the referee's aforesaid opinion, the order entered thereon and the affirming order of the District Court Judge, but has not supplied copies of the moving and answering papers on said application.

So far as appears from the evidence before us the defendant did not seek a ruling by the referee as to the effect of the existing discharge upon the plaintiff's unscheduled judgment, but merely sought to "vacate" the discharge to permit an amendment of the schedules to include plaintiff's aforesaid judgment. If granted, the only effect would have been to put the proceedings back in the position they were in at the time of the filing of the original schedules, at least in so far as the present plaintiff's claim is concerned, with the right on her part, upon her claim being thus scheduled, to object to the discharge or have her claim excepted therefrom. *In re Adams* (*D. C., Ga.*), 242 *Fed. Rep.* 335; *In re McKee* (*D. C., N. Y.*), 165 *Id.* 269. In denying this application, the referee quite properly held, as appears from the memorandum of his opinion, that it would be futile to open the discharge to permit the scheduling of plaintiff's claim, since plaintiff's appearance in opposition to the motion indicated that she would object to the discharge thereof, if scheduled, on the ground that the claim was non-dischargeable by reason of its having been scheduled in prior bankruptcy proceedings in which no discharge has been obtained. Obviously the referee was not called upon to and did not decide the effect of the existing discharge upon this unscheduled claim, because, so far as appears, this was beyond the scope of the application. He merely held, in effect, that the existing discharge would not be vacated to permit the scheduling of a claim which, with this new opportunity, would immediately give the creditor the right to prove that it was non-dischargeable. The question of whether the holder thereof, the present plaintiff, had notice or knowledge of such bankruptcy proceedings in time for proof and allowance of the claim prior to the

entry of the existing discharge, was not, so far as presently appears, presented to or considered by the referee, nor within the scope of the bankrupt's aforesaid application, and was not decided by the referee nor the District Court Judge on the petition for review.

The denial of defendant's application to "vacate" the aforesaid discharge in bankruptcy and permit the scheduling of plaintiff's claim was similar in scope and effect to the discharge of a rule to show cause why a default judgment should not be vacated. It did not pass upon the effect of or disturb the discharge already rendered, nor were the merits of the present controversy involved. In order that a judgment or determination may constitute a bar to another action, it must involve a determination of the merits of the controversy. *Meier Credit Co.* v. *Yeo,* 129 *N. J. L.* 82; 28 *Atl. Rep.* (*2d*) 227; *Stambovsky* v. *Cohen,* 124 *N. J. Eq.* 290; 1 *Atl. Rep.* (*2d*) 456; *Taylor* v. *Betts* (*Arizona*), 124 *Pac. Rep.* (*2d*) 764; *Campanella* v. *Campanella,* 204 *Cal.* 515; 269 *Pac. Rep.* 433; *Omaha Rd. Eq. Co.* v. *Thurston County,* 122 *Neb.* 35; 238 *N. W. Rep.* 919. This the referee's aforesaid order and the affirmance thereof did not do.

It follows, therefore, that defendant's denial of plaintiff's third separate reply is not sham.

Plaintiff's fourth separate reply, which is also denied by defendant, is to the effect that on April 23d, 1941, plaintiff and her assignor applied to the referee to amend the aforesaid order of discharge so as to except from its operation the judgment which is the subject of the present action. That on May 27th, 1941, the referee denied this application, and on February 10th, 1942, upon a petition for review, Judge Forman, of the United States District Court for the District of New Jersey, filed an "opinion" affirming the aforesaid order of the referee, in which the District Court Judge, "specifically held * * * that the plaintiff and her assignor were unscheduled in the bankruptcy proceedings and were not shown to have had notice thereof," and in which "he also determined * * * that the debt of the plaintiff and her assignor is not dischargeable. * * * That by virtue" of the aforesaid application "the said court has judicially

determined that the judgment, which is the subject-matter of this suit, is excepted from the discharge granted on February 20th, 1940."

Certified copies of the referee's opinion and order on the aforesaid application and of the opinion of the District Court Judge on the review thereof have been produced, but it does not appear that 'any order or judgment was ever entered on the latter opinion.

We are obliged, therefore, to disregard the aforesaid opinion of the District Court Judge because of the well settled rule, already referred to, that the opinion, decision or findings of the court do not constitute a bar to a subsequent action unless an order or judgment is actually entered thereon. *Rosenbaum* v. *Garrett, supra;* 34 *C. J.* 767, § 1182 and *p.* 888, § 1296; *Flanagan* v. *Lazerine, supra.*

So far as the order of the referee is concerned, while it denied the application to qualify the discharge theretofore granted, nevertheless, the opinion of the referee upon which said order was entered (which opinion and order are properly before us) discloses that he denied the application on the ground that it was not within the province of the bankruptcy court to determine whether a particular claim is discharged or not discharged by the bankruptcy proceedings, except in the class of cases typified by *In re Zeiler, supra,* where the claim, which was not discharged by former proceedings, was actually scheduled in the later proceedings. And since the claim, *sub judice,* was not scheduled in the later proceedings, and the holder thereof did not apply on behalf of a class of creditors but for himself alone, his claim did not fall within the class excepted by said case, and the referee refused to except the circumstances of the present claim from the general rule that the effect of a discharge is not to be considered by a court of bankruptcy. In other words, the referee merely held that the bankruptcy court could not exercise jurisdiction to determine whether plaintiff's judgment was discharged or not under the circumstances. His action in this regard would have an effect similar to a nonsuit in a common law action which would not bar a subsequent action for the same cause. The referee did not attempt to decide

whether or not the creditor had actual notice or knowledge of such bankruptcy proceedings, and expressly stated that he attached no importance to that question in view of the ground of his decision above expressed. While the referee's aforesaid order is *res adjudicata* upon the proposition that the bankruptcy court could not disregard the general rule and exercise jurisdiction to pass upon the effect of the discharge, so far as this particular claim is concerned, nevertheless, it is not *res adjudicata* upon the question of notice or knowledge of the bankruptcy proceedings by said creditor or the undoubted right of this state court to consider such question in determining the effect of the discharge under section 17 of the Bankruptcy Act (30 *Stat.* 550, § 17; 11 *U. S. C. A.*, § 35) in accordance with the general rule applicable in such matters. Obviously the plaintiff would not be limited to an appeal from the referee's order under such circumstances. Compare *Monmouth County Electric Co.* v. *Eatontown Township,* 74 *N. J. Eq.* 578; 70 *Atl. Rep.* 994; *Headley* v. *Leavitt,* 65 *N. J. Eq.* 748; 55 *Atl. Rep.* 731.

Furthermore, since the referee's order denying plaintiff's said application was based solely upon jurisdictional grounds and did not involve the merits of plaintiff's claim, it is not *res adjudicata* in the present action upon the effectiveness of the discharge in bankruptcy relied upon by the defendant in his second defense. *Meier Credit Co.* v. *Yeo, supra; Stambovsky* v. *Cohen, supra; Taylor* v. *Betts, supra; Campanella* v. *Campanella, supra; Omaha Rd. Eq. Co.* v. *Thurston County, supra.*

It therefore appears that defendant's denial of plaintiff's fourth separate reply is not sham.

The conclusion is that plaintiff's motion to strike the defendant's rejoinder is denied, with costs, and a form of order may be presented in accordance herewith.